**PRITCHETT et al. v. SHEARER et al.** *
(No. 3078.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 10, 1925. Rehearing Denied Dec. 24, 1925.)

**1. Covenants ⬤130(5)—Measure of damages for breach of warranty in sale of land stated.**

In suit for breach of warranty in contract for sale of land, measure of damages is not profit which purchaser might have made, but purchase price which he paid for the land.

**2. Covenants ⬤100(1)—Purchaser held not entitled to claim damages for breach of warranty in contract for sale of land.**

Purchaser *held* not entitled to damages for breach of warranty in contract for sale of land in that land sold was incumbered with a lease, where such lease had expired before vendor sued for purchase price and purchaser had collected a part of rentals due on such lease from lessee.

Appeal from District Court, Wood County; J. R. Warren, Judge.

Action by Ethel Pritchett and another against H. F. Shearer and another, in which named defendant filed a cross-bill. Judgment for defendants, and plaintiffs appeal. Reformed and rendered.

H. L. Wilkinson and M. D. Carlock, both of Winnsboro, for appellants.

J. H. Beavers, of Winnsboro, for appellees.

HODGES, J. Ethel Pritchett and her husband sued the appellee Shearer to recover the sum of $250 with interest and attorney's fees due upon a note given as a part of the purchase price of a tract of land. They also sought to foreclose a vendor's lien on the land. B. J. Owensby was made a party defendant upon the ground that he had purchased the land from Shearer and had assumed the payment of the note. Shearer in his answer admitted the execution of the note; that it was given as a part of the purchase price of the land described; and that it was still due and unpaid. He pleaded, however, as an offset, a failure of title to one acre of the land. He also pleaded that, prior to the purchase of the land, Pritchett had executed a lease conveying the mineral rights

to one J. C. Jennings, and that he, Shearer, had purchased in ignorance of that lease, although the instrument had been placed of record; that shortly after the purchase he had an opportunity to lease the mineral rights to another party for the sum of $600, but, on account of the prior lease made by Pritchett, he was unable to make this contract; and that he was thereby damaged in the sum of $600, for which amount he asked judgment. Owensby pleaded that, while the deed he took from Shearer was upon its face an absolute conveyance of the title to the property, it was only in fact intended as a mortgage to secure a sum of money loaned by him to Shearer. In addition to that plea he adopted the answer of Shearer.

In a trial before a jury the court directed a verdict in favor of the Pritchetts for the amount of the note, with interest and attorney's fees. He submitted in a general charge the issues pleaded by Shearer in the cross-bill. The jury returned a verdict in favor of Pritchett for the sum of $366, and in favor of Shearer for $126 for the failure of title to one acre of the land, and $240, as damages for the loss of the opportunity to lease the mineral rights. The amount found for Shearer being equal to the demand of the Pritchetts, the court entered a judgment in favor of the defendants Shearer and Owensby.

[1] The record before us contains what purports to be objections to the charge of the court, but none of these presents questions which authorize a reversal of the judgment because of any defect in the charge. The only assignments of error which we can consider as presenting tenable grounds for a reversal are those based upon a general exception to a portion of Shearer's cross-bill and which assails the judgment in favor of Shearer for damages for the lease as unsupported by the evidence. That paragraph of Shearer's answer which was excepted to is as follows:

"Defendant says that in the year of 1921 the mineral, oil, and gas leases and right to said described land became in demand and marketable; that defendant, believing that he had good and sufficient title to the mineral rights of said land, found a market for, and sold, or contracted to sell, the mineral, oil, and gas rights to said land and premises for the sum of $600; that upon an investigation of the title to said lands it is discovered for the first time by defendant that there was then existing a valid and subsisting oil and gas lease, made by plaintiffs to the said J. C. Jennings, and that thereby he was deprived of the privilege of selling and conveying said oil and gas lease, to his dam-age in the sum of $600. Defendant says that by the execution of said oil and gas lease by plaintiffs to said land prior to the sale to this defendant, he sustained damages in the said sum of $600, which was the reasonable market price for said lease rights, and that the plaintiffs Ethel Pritchett and Z. W. Pritchett, both separately and collectively, are justly indebted to him in the sum of $600, for the reasons above stated; that they and each of them have failed and refused to pay defendant said $600, and failed and refused to allow part of said amount as an offset against said note."

We think the paragraph quoted was subject to the objection made. That defense was set up as a breach of warranty, not as an action for damages for fraud. It is well settled that in suits for breach of warranty the proper measure of damages is not the profit which the purchaser might have made, but the purchase price which he paid for the land. Hynes v. Packard, 92 Tex. 44, 45 S. W. 562; Lumpkin v. Blewitt (Tex. Civ. App.) 111 S. W. 1072; Adams v. Cox (Tex. Civ. App.) 150 S. W. 1195, and cases there cited.

[2] Nowhere in Shearer's cross-bill or in the Pritchetts' pleadings is the purchase price of the land stated; and, in the absence of some averments as to what that price was, the trial court had no basis for the rendition of a judgment for damages for a breach of warranty. The undisputed evidence in this case shows that the lease which the appellants had made to Jennings prior to the sale of the land to Shearer had expired about a year prior to the institution of this suit, and that at the time Shearer filed his answer there was no failure or defect in the title occasioned by the execution of that lease. It was also shown without dispute that after his purchase Shearer collected a part of the rentals due upon the lease from Jennings. Under those circumstances his cross-action for damages did not rest upon facts which entitled him to recover for that alleged breach of the warranty. There are other issues presented in the appellants' briefs, but they are based upon assignments which cannot be considered.

Under the record as it is presented we think it proper to reform the judgment by disallowing the damages of $240 awarded to Shearer on account of the prior mineral lease executed by the Pritchetts. This will result in rendering a judgment in favor of the appellants for the sum of $240 and for a foreclosure of their vendor's lien on the land described in the plaintiff's petition. The judgment will therefore be reformed and rendered accordingly.