**NATIONAL AID LIFE OF OKLAHOMA CITY, OKL., v. ADAMS et al.**

No. 2214.

Court of Civil Appeals of Texas. Eastland.

Dec. 5, 1941.

Rehearing Denied Jan. 9, 1942.

Chrestman, Brundidge, Fountain, Elliott & Bateman, of Dallas, and Lyndsay D. Hawkins, of Breckenridge, for appellant.

Benbow, Saunders & Holliday, of Dallas, and L. H. Welch, of Breckenridge, for appellees.

FUNDERBURK, Justice.

This suit was brought by five policy-holders (one, a married woman joined by her husband) against National Aid Life of Oklahoma City, Oklahoma (an insurance company) to recover premiums paid by each to Mutual Life Insurance Company of Breckenridge, Texas, and (in small part) to said defendant. It was alleged in substance that said defendant and said Mutual Life Insurance Company of Breckenridge, on June 20, 1938, by written contract, effected a merger of the two companies; that such merger was without authority and not binding upon the plaintiffs; that after the merger defendant collected two monthly premiums on plaintiffs' several policies; but about August 20, 1938, defendant (to quote from plaintiffs' brief) "without notice to Appellees [plaintiffs] and without first having their authority and without their knowledge did lapse the policies of Appellees issued to them by the Mutual Life Insurance Company and attempted to substitute other and different policies therefor * * * that Appellees did not consent to such lapses and substituting of their policies and refused to accept or ratify Appellant's [Defendant's] acts in so doing and brought this suit to recover premiums paid under their original policies as damages."

The trial was begun with a jury, but when all the evidence was in three plaintiffs took a non-suit and the remaining plaintiffs, namely, Charles S. Adams and Annice S. Harrison and husband, O. A. Harrison, agreed with defendant that no issue of fact existed, and, with the consent of all parties, the jury was discharged. Thereupon, the court gave judgment for Charles S. Adams for $320.17 and for Annice S. Harrison and O. A. Harrison for $228.57, from which defendant has appealed.

Appellant (defendant below) will be referred to as "National Aid"; the Mutual Life Insurance Company of Breckenridge will be referred to as "Mutual Life"; and appellees as "plaintiffs."

The principle, which must rule the judgment in this case, is, that one cannot enforce an advantage existing only by virtue of a contract, and at the same time repudiate the contract as one not binding upon him, thereby avoiding some of its provisions. If, as the judgment under review provides, National Aid was liable to plaintiffs for premiums paid by the latter to Mutual Life, what is the legal basis of such liability? Is the liability, if any, one arising from contract, tort, or what? The only basis suggested by the pleadings or evidence is that it was a contract liability. It is a safe assumption that the contract, if any, was (a) one by the provisions of which the two insurance companies merged into one, or (b) by which, without merger, National Aid assumed the policy obligations of Mutual Life to its policyholders, or (c) by which National Aid became reinsurer of the policyholders in Mutual Life.

There was no pleading or evidence of an unqualified merger. Such hypothesis may be ruled out of consideration without further discussion.

The contract pleaded, and in evidence, was one providing for reinsurance of some policyholders and assumption of

the policies of others. But, as to neither class was the contract obligation of National Aid unqualified or unconditional. Let it be assumed that the contract, whether one for reinsurance of policyholders, or for assumption of policies, was, as to plaintiffs, voidable. Plaintiffs could not avoid the qualifications or conditions and yet enforce the reinsurance or assumption of their policies. It, therefore, becomes unnecessary for us to decide whether the contract was void or valid. If it was valid, the National Aid was not shown to have violated any of the terms or provisions of the contract. If it was void, the National Aid was never liable to reinsure plaintiffs, or, to assume their policies in Mutual Life. It could, therefore, in that case, incur no liability for repudiating any obligation of reinsurance or assumption. It would no more be liable to plaintiffs for a refund of premiums paid by them to Mutual Life than for moneys paid by them to any third party, concerning which National Aid had incurred no contract obligations.

It is true that two monthly payments of a few dollars each were paid by plaintiffs to National Aid. This was under one of the provisions of the contract by which the premiums becoming due during the time fixed as necessary for National Aid to classify the risks which it was to reinsure or assume policies of policyholders. It may be granted that if the contract was wholly void there might be a basis of liability for these two premium payments. It is also true that National Aid took over nearly $50,000 alleged by plaintiffs to be assets of Mutual Life. If the contract was void it may be granted that such an act might form the basis of an action by the proper owners of the fund, or their representatives, for a conversion thereof. But such conversion, if any, would not make a new and otherwise non-existent contract between plaintiffs and National Aid. We deem it unnecessary to inquire carefully into these matters, deeming it sufficient to say that the suit was not one for conversion by National Aid of assets belonging to Mutual Life. Essential allegations were wholly wanting for recovery upon such a theory. Neither were there proper parties before the court for the adjudication of such question.

As to the two money payments made by each of the plaintiffs to National Aid, there were no facts alleged to warrant recovery thereof. The payments were not shown to have been other than voluntary payments. As to the contract between the two companies, it was not shown that the payments, if recoverable by anyone, would be recoverable by plaintiffs, especially in the absence of parties altogether representing all the policyholders in Mutual Life. In short, the suit, as brought, was not one seeking to recover upon any such theories.

In our opinion, the only judgment proper to be rendered under the pleadings and undisputed evidence was a judgment that plaintiffs take nothing; that the judgment rendered should be reversed and the judgment here rendered which should have been rendered by the court below. It is accordingly so ordered.