**CASEY v. JONES et ux.**

No. 2644.

Court of Civil Appeals of Texas. Waco.

July 19, 1945.

Rehearing Denied Sept. 28, 1945.

W. L. Eason, of Waco, for appellant.

Tom M. Hamilton and J. A. Kibler, both of Waco, for appellees.

HALE, Justice.

This litigation arose out of a written contract of sale dated June 13, 1941, whereby appellant agreed upon certain conditions to convey unto appellees a house and lot located in the City of Waco. The contract described the premises to be conveyed by metes and bounds calling west 110 feet, north 34 feet, east 110 feet and south 34 feet for each line and corner, respectively, from and to the place of beginning, "the said lot fronting 34 feet on South 11th Street, and extending back for depth, 110 feet, the house on said lot being numbered 1725 South 11th Street." Appellees sued for specific performance of the entire contract and in the alternative, if it should be determined upon the trial that appellant did not own and could not convey good title to the lot therein described to a greater depth than 70 feet, they sought performance of that part of the contract which appellant could perform and damages resulting from the breach of that part which he could not perform.

In his answer and cross action appellant affirmatively pleaded that the written contract was executed by the parties as the result of a mutual mistake insofar as the depth of the lot therein described was concerned; that the description of such lot as being 110 feet in depth was erroneously inserted in the written contract through the

inadvertence and oversight of his agent who prepared the same; that the true agreement between the parties related to the house and lot known as No. 1725 fronting on South 11th Street and that such lot was enclosed by a picket fence at the rear and was in fact only 75 feet in depth. He also alleged that he had been ready, able and willing to perform his obligations under the true agreement of the parties but he could not convey good title to the lot to a depth of 110 feet because he did not own the extra 35 feet demanded by appellees. He further alleged that appellees had made default in the payment of the agreed purchase price and he had elected to terminate the agreement. He prayed that the contract be canceled and that he recover possession of the property in controversy.

The case was tried before a jury on January 15, 1945, was submitted on special issues, and resulted in judgment for appellees on their alternative plea. Appellant contends that the judgment should be reversed because the trial court erred (1) in overruling his motion for a peremptory instruction and (2) in applying an incorrect measure of damages.

Under the first point in his brief appellant says reasonable minds cannot differ in concluding from all the evidence in the case that he intended to sell and appellees intended to buy the property situated at 1725 South 11th Street extending to the back fence, a distance of 75 feet in depth, and by mutual mistake the parties recited in the contract that the distance was 110' feet. Hence he asserts that the trial court should have sustained his timely motions for a peremptory instruction and for judgment non obstante veredicto, respectively.

The unambiguous provisions of a written contract are usually regarded in law and in fact as being the best evidence of the intention of the parties with respect to the conditions, covenants and obligations therein contained. In the absence of proper proof of fraud, accident or mutual mistake in its execution, the courts must presume that each party intended to be bound by all the terms of the agreement as written.

It is also elemental that the duty rests upon the trial judge to submit to the jury for its determination all ultimate controlling issues of fact raised by the pleadings and tendered by the evidence. An issue of fact is tendered by the evidence when there is a dispute in the material testimony relating to such issue or when reasonable minds may differ in the ultimate conclusions of fact to be drawn from the undisputed evidence with respect thereto. In resolving such an issue the jurors are the sole judges of the credibility of the witnesses and of the weight to be given to their testimony in the first instance. If the jury should resolve any such issue so clearly against the overwhelming weight and preponderance of all the competent evidence in the case as manifestly to be wrong, then the trial judge may—and upon seasonable motion of an aggrieved party should—set aside such finding and order a new trial; but the trial judge may not, under such circumstances, render judgment notwithstanding such erroneous jury finding. It is only when there is no evidence tendering an issue essential to recovery, or when the evidence as a whole relating to one or more of the controlling issues is without any substantial dispute and is such that reasonable minds may not differ in the ultimate conclusions of fact to be drawn thereform, that the trial judge is authorized to withdraw a case from the jurors, or to direct their verdict, or to render judgment non obstante veredicto.

The statement of facts in this case consists of 647 typewritten pages in addition to certain original exhibits and photographs. Much of the testimony adduced relates to the general issue as to whether or not the execution of the contract sued upon was the result of a mutual mistake. Although we have considered all of the evidence relied upon by appellant, we do not deem it necessary or proper here to set forth any of the same because each of the appellees testified positively that they read the contract before agreeing to buy the property, that they observed in the contract the size of the lot as therein described, both as to its width and depth, and if they had known at that time that they were to get only about 75 feet instead of 110 feet in depth they would not have agreed to buy the property at any price. The unequivocal testimony thus given by appellees is in direct conflict with much of the evidence relied upon by appellant so that we cannot say reasonable minds might not differ on the ultimate conclusions of fact to be drawn from all the evidence in the case relating to this broad issue. Therefore, we overrule appellant's first point.

Appellant contends under the second point in his brief that the trial court

submitted and applied an erroneous measure of damages in his charge and judgment. In passing upon this contention we have considered the entire record, including the provisions of the contract sued upon, the manner in which the case was developed and submitted to the jury, and the basis upon which the judgment was rendered.

The contract sued upon provided for a total consideration of $1,200 to be paid to appellant, the sum of $50 having been paid in cash and the balance of $1,150 to bear interest at the rate of 7% per annum and to become due in monthly instalments of $15 each and payable on or before the first of each succeeding month. It further provided that a failure to pay any instalment when due should at the election of appellant terminate the contract and in that event all sums theretofore paid by appellees should be forfeited to appellant as liquidated damages for the rents and use of said property; and that no right, title, interest and estate in and to the property should vest in appellees until one-half of the stipulated purchase price shall have been paid, at which time appellant agreed he would convey said property to appellees by warranty deed, retaining therein a vendor's lien to secure the balance of the purchase price, and would then furnish an abstract showing a marketable title to the property so conveyed.

In response to the special issues submitted the jury found in effect as follows: (1) At the time of the execution of the sales contract appellees did not understand they were buying a lot with 75 feet in depth from its front to the red picket fence in the rear and they would not have purchased the lot in question or have made valuable improvements on the same had they known appellant would convey to them a lot in depth of only 75 feet; (2) appellees paid all monthly instalments provided for by the sales contract up to the time they were advised by appellant that a mistake had been made in the depth of the lot, amounting to $346.29 on the principal and $224.60 on the interest; (3) the reasonable market value of the improvements and lot extending back to a depth of 75 feet was $700 on June 13, 1941; (4) appellees made repairs and improvements on the lot at the reasonable cost of $928.55 before they were advised appellant would convey the lot to them only to a depth of 75 feet; and (5) the reasonable market price of said improvements on said lot to a depth of 75 feet is $1200 but that such market price would have been $1,440 in the event the lot had a depth of 110 feet.

Upon motion of appellees the court set aside the findings of the jury as embraced in item (5) above upon the ground that such findings were without support in the evidence. The court found in the judgment that appellant, on August 13, 1944, advised appellees he would only convey to them the lot to a depth of 75 feet; that appellees then tendered to appellant the balance due under the sales contract and requested abstract and warranty deed conveying the lot to a depth of 110 feet; and that some time after appellant had entered into the sales contract he sold 35 feet off the rear portion of the lot as described in the contract to an innocent purchaser and therefore could convey to appellees the lot described in the contract only to a depth of 75 feet. The court concluded that the correct measure of appellees' recoverable damages was $500. (being the difference between the contract price of $1200 and the reasonable market value of $700) plus $155.40 excessive interest paid. After allowing credits to appellees for the amounts paid by them under the contract and the amount of damages so awarded to them as the result of its breach by appellant, the court rendered judgment vesting title to the lot to a depth of 75 feet in appellees, awarding to appellant a recovery of $160.93 against appellees as the balance of the purchase price due him, and establishing a vendor's lien against said lot to secure appellant in the payment of the amount so awarded to him.

Appellant seasonably objected to the manner and form in which the case was submitted to the jury upon the grounds that the court did not thereby submit a correct legal measure of the damages recoverable by appellees, if any. In his motion for new trial he also assigned error on the action of the court in overruling his objections to the charge and in applying an incorrect measure of the damages awarded to appellees. It was his contention in the court below and it is his contention here that the proper measure of the damages recoverable by appellees in this case, if any, is such sum of money as would reasonably compensate them for their loss occasioned by the failure of title to the 35 feet off the rear end of the lot as described in the written contract. He further says the amount of such damages should bear the same proportion to the whole purchase money as the market value of the part to which the title failed bears to the whole premises, estimated at the price paid. We think the contentions thus urged are controlling in their application

to the record now before us and that they must be sustained. 14 Am.Jur., p. 580; Sec. 149; 21 C.J.S., Covenants, p. 1024, § 148; 12 T.J., p. 101, Sec. 68; Raines v. Calloway, 27 Tex. 678; Thomas v. Hammond, 47 Tex. 42; Hynes v. Packard, 92 Tex. 44, 45 S.W. 562; Wiggins v. Stephens, Tex.Com.App., 246 S.W. 84; Allen v. Draper, Tex.Com. App., 256 S.W. 255; Pritchett v. Shearer, Tex.Civ.App., 279 S.W. 305, error dismissed.

 If the contract sued upon was not signed as the result of a mutual mistake, as indicated by the findings of the jury, and if appellant advised appellees on August 13, 1944, that he would convey to them the lot described in the contract only to a depth of 75 feet, as found by the court, appellees thereupon became entitled at their election to pursue either of two or more inconsistent remedies. They could have acquiesced in the anticipatory breach by appellant, could have accepted the same as a repudiation on his part of the entire contract and in that event they could have sued for all of the damages sustained by them as a result of the wrongful repudiation of the contract as a whole. Had they made such election they would have been relieved from further performance under the contract. On the other hand, they had the right at their election to stand on the contract insofar as it was susceptible of specific performance by appellant and sue only for the damages resulting from a breach of that part of the contract which appellant was not able to perform. They elected to pursue the latter remedy. Having elected to stand on the contract and demand its benefits, they were not at liberty to ignore its burdens or to invoke the aid of the courts in making a new contract for them. By their election they continued to be bound to a performance, or a proper tender of performance, of all obligations resting upon them under the contract as originally written and signed. Roberts v. Lovejoy, 25 Tex.Supp. 437; Doty v. Barnard (S.Ct.) 92 Tex. 104, 47 S.W. 712; National Aid Life of Oklahoma City v. Adams, Tex.Civ.App., 157 S.W.2d 957, error refused.

 Furthermore, the only part of the written contract which appellant was unable to perform was his covenant to convey a good title to the 35 feet off the rear end of the lot as therein described. We think the correct measure of the only damages recoverable by appellees under the circumstances here shown is aptly stated in 61 A. L.R., p. 90, as follows: "The damages recoverable are relative or comparative, the standard being the consideration or price paid for the whole tract. Thus, there must be an apportionment, based upon the relative value of that portion to which the title failed to that portion to which the title proves good. This can be determined only by showing the price paid for the whole, the value of the lands lost, and the value of the lands preserved." See also: Mayer & Schmidt v. Wooten, 46 Tex.Civ.App. 327, 102 S.W. 423. But there was no competent evidence in this case, or if so there was no express finding by the jury, as to the value of the 35 feet to which the covenant of title had partially failed. Hence there was no proper factual basis established by which appellees could be awarded the only damages which they had elected to seek and to which they might have been legally entitled under appropriate evidence and findings.

Because we are of the opinion the court materially erred in applying an incorrect legal measure of the damages awarded to appellees the judgment appealed from is reversed and the cause is remanded for another trial not inconsistent with the views herein expressed.