**VOLKSWAGEN OF AMERICA, INC., Appellant,**

v.

**Larry J. LICHT and Bob Hoy Volkswagen of El Paso, Inc., Appellees.**

**No. 6537.**

Court of Civil Appeals of Texas, El Paso.

Oct. 20, 1976.

Motion on Rehearing and Rehearing Denied Nov. 17, 1976.

Diamond, Rash, Leslie & Smith, Alan V. Rash, El Paso, for appellant.

· Calhoun, Morton & Deason, Charles A. Deason, Jr., Ratliff & Haynes, Chris Haynes, El Paso, for appellees.

## OPINION

OSBORN, Justice.

The Appellant complains of the trial Court's judgment which awarded trebled damages and attorney's fees for violation of the Texas Deceptive Trade Practices—Consumer Protection Act arising out of an alleged breach of an express new car warranty. Relief was sought under the provisions of Section 17.50(a)(2), Tex.Bus. & Comm. Code Ann. We affirm, except as to the provision for indemnity by the dealer against the importer which is reversed and rendered.

The Appellee purchased a new 1974 Volkswagen Super Beetle on September 6, 1974. He received an owner's manual and warranty pamphlet, which contained the following language:

"1. VWoA warrants that every 1974 Volkswagen vehicle imported by VWoA and sold as a new vehicle to a retail customer will be free from defects in material and workmanship for 12 months after the date of delivery of the vehicle to the original retail customer or until the vehicle has been driven 20,000 miles, whichever comes first. * * * "

On September 26, 1974, while Mr. Licht was driving on a highway, the engine caught on fire. At that time, the car had 1,546 miles on it and had been in service less than three weeks. Mr. Licht was told by the dealer that the warranty would not cover the repairs and he subsequently made a claim against his automobile insurance carrier, who estimated the cost of repairs at $388.19 and paid all of that amount to him, except the cost of the carburetor dash-pot, which was $16.12. He then instituted this suit against the importer and the dealer of the car. Subsequently, the insurance carrier, exercising its right of subrogation, made demand and was reimbursed the total cost of the repairs, and they then sent Mr. Licht a draft for $16.12, which was received by

him but never presented for payment. (No issue is raised as to whether the payment under the policy and the subrogation agreement constituted an assignment of the cause of action, or whether the payment to the carrier and its execution of a release constituted a release or an accord and satisfaction of the cause of action, and we do not decide such issues.)

The jury found in the lone issue relating to liability that the fire was caused by a manufacturing defect in material or workmanship, and in the remaining issues found the amount of the reasonable attorney's fees for services in the trial Court, in the Court of Civil Appeals, and in the Supreme Court, both where a writ was granted and where it was not granted. Judgment was entered based upon these findings, and the dealer was awarded indemnity over and against the importer.

The Appellant presents three points of error making a "no evidence" attack on Special Issue No. One: first, in submitting the issue; second, to the answer made by the jury; and third, in the denial of a Motion to Disregard the answer. The next three points raise the "insufficient evidence" or "against the great weight" issue. First, we note that there is no assignment in the motion for new trial to support the first point, and the fourth and sixth points do not raise an issue which would be error upon the part of the trial Court. Nevertheless, the other points do raise both the "no evidence" and "against the great weight" issues, and each contention will be considered.

■ In passing on the "no evidence" points of error, we must consider only the evidence and inferences tending to raise a fact issue, and disregard all evidence and inferences to the contrary. *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965). The evidence tending to support the jury's answer comes from Mr. Ray Sides, a witness called by the Appellant, who examined the car the day after the fire, and he said:

"Q And what did you do as a result of that examination?

"A  I inspected the engine compartment where the fire had concentrated and in my brief inspection of it, I tried to determine the best I could of what caused it, if possible.

"Q  Did you do so?

"A  In my opinion, yes, sir.

"Q  Will you tell us what that was?

"A  It was the dash-pot in the carburetor.

\*   \*   \*   \*   \*   \*

"Q  And you found that there was a carburetor defect?

"A  I said to the best of my knowledge that is what caused it.

\*   \*   \*   \*   \*   \*

"Q  And you say it was a carburetor defect that caused the fire in his engine?

"A  In my opinion, yes, sir."

Certainly, this testimony, which was received without objection, was some evidence to support the jury finding that the fire was caused by a manufacturing defect in material or workmanship.

■   In passing on the "great weight of the evidence" issue, we consider the entire record and review all the evidence. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). Mr. Jay Blobner, who was with Appellant when the fire occurred, had no opinion as to the cause of the fire. Mr. Hoy, the dealer, said a defective carburetor was covered by the warranty, but that the repairs after the fire were not handled on a warranty basis because the dealer could not determine what caused the fire. They were unable to determine whether there was a defective part or not. He said it definitely was a gasoline fire, and not an electrical one. He concluded: "I don't have evidence that it was a defect or was not a defective (sic)." Considering all this testimony, we cannot say the jury's answer is against the great weight of the evidence. The first six points of error are overruled.

■   Point of Error No. VII asserts that the trial Court erred in overruling and denying the Appellant's plea in bar. Although the brief does not reflect to which assignment of error in the motion for new trial this point is germane, as required by Rule 418, Tex.R.Civ.P., it is obviously germane to Assignment No. I in the motion for new trial, which states:

"The Court erred in overruling and denying this Defendant's Plea in Bar, which said Plea is incorporated herein by reference thereto for all purposes."

This assignment does not comply with the provisions of Rules 320, 321, 322, and 374, Tex.R.Civ.P., and under the holding in *Wagner v. Foster*, 161 Tex. 333, 341 S.W.2d 887 (1960), the point of error may not be considered.

■   Point of Error No. VIII contends that the trial Court erred in submitting Special Issue No. Two, concerning attorney's fees in the trial of the case, to the jury because there was insufficient evidence to support the submission thereof. There is no assignment in the motion for new trial to stand as the basis for this point of error, and thus, it may not be considered. Even if such an assignment was in the motion for new trial, it would be of no benefit because a trial Court may refuse to submit an issue only where there is no evidence and not where the objection is that there is insufficient evidence. *Casey v. Jones*, 189 S.W.2d 515 (Tex.Civ.App.—Waco 1945, writ ref'd w.o.m.).

Point of Error No. IX asserts that the answer to Special Issue No. Two is against the great weight and preponderance of the evidence. Again, we find that there is no assignment in the motion for new trial which will serve as a basis for the point of error.

Points of Error VII, VIII, and IX are not considered.

■   Points of Error X, XI, and XII attack the jury issues and answers and the judgment with regard to attorney's fees on appeal, contending that there was no evidence to support the submission of the issue, that the award is speculative, conjectural and not authorized by law, and that Section 17.50(b) of the Deceptive Trade Practices—Consumer Protection Act does

not authorize or provide for the award of attorney's fees beyond the trial Court level. The statutory provision in question provides:

"(b) In a suit filed under this section, each consumer who prevails may obtain:

"(1) three times the amount of actual damages plus court costs and attorney's fees reasonable in relation to the amount of work expended; * * *." Section 17.50(b)(1) Tex. Bus. & Comm.Code Ann.

With regard to the sufficiency of the evidence to support the jury findings, counsel for the Appellee testified as to the number of hours expended in preparation of the case. Mr. John Niland, a practicing attorney in El Paso, testified that he had reviewed the file of counsel for the Appellee and that in his opinion the legal work performed was necessary, and he testified as to a reasonable hourly fee for the work performed. It was on the basis of this testimony that the jury arrived at their answer as to the attorney's fees for work performed in the trial of the case. In addition, Mr. Niland testified that he was familiar with the legal requirements for perfecting an appeal, which he outlined, and what would be a reasonable fee for such services. Based upon that testimony, the jury answered the issues concerning attorney's fees for services rendered if the judgment should be appealed. We believe that the jury's findings of $500.00 for services in the Court of Civil Appeals, $50.00 in the Supreme Court if no writ is granted and $750.00 if the writ is granted, is fully supported by the evidence, and certainly the findings are not excessive for the services required.

■ The question as to whether or not attorney's fees on appeal are authorized by the statute presents a more difficult question. The only guideline appearing in the statute is that the fees must be reasonable in relation to the amount of work expended. Since the statute does not limit in any way "the amount of work expended," we assume the Legislature must have intended to include all work expended. If all work ex-

pended is included, then it must necessarily include the work expended on appeal, since that work is just as essential to the recovery as is the work in the trial Court. We believe such conclusion to be consistent with the holding in *International Security Life Insurance Company v. Spray,* 468 S.W.2d 347 (Tex.1971). In that case, the Court permitted recovery of attorney's fees in a suit under the Insurance Code, which provides for recovery of the amount of loss plus a 12% penalty "together with reasonable attorney fees for the prosecution and collection of such loss." In reaching that result, the Court said:

"The statute provides for recovery of reasonable attorney fees which the insured must pay to his attorney because of the necessity of pursuing legal action to collect the loss covered by the policy. The purpose of the statute would be defeated if only the fees incurred in the trial court were recoverable and the fees incurred during the appeal remained the expense of the policyholder. No such distinction or limitation may be found in Article 3.62. When it imposes liability on the company for 'reasonable attorney fees for the prosecution and collection of such loss,' it includes all fees incurred for that purpose."

In this case, the judgment for such fees on appeal is conditioned upon such an appeal being perfected both to the Court of Civil Appeals and the Supreme Court of Texas, and the judgment follows the direction of Justice Reavley in the *Spray* case in allocating the fee only if the additional work is actually done. Finding no error with regard to the award of attorney's fees for the appellate work, Points of Error X, XI, and XII are overruled.

The next three points of error are not assigned as error in the motion for new trial other than by reference to Appellant's requested instructions to the jury and Appellant's Motion for Instructed Verdict, and the motion recites that the instructions and the motion are incorporated by reference thereto for all purposes. As previously noted under the holding in *Wagner v. Foster,*

supra, such assignment is insufficient and the points of error may not be considered.

▉ The last point of error complains of error upon the part of the trial Court in awarding the dealer indemnity over and against this Appellant, who was the importer of the vehicle involved in the fire. On this issue, both the importer and the dealer center their arguments around the decision in *Austin Road Co. v. Pope,* 147 Tex. 430, 216 S.W.2d 563 (1949). In *Heil Company v. Grant,* 534 S.W.2d 916 (Tex.Civ.App.—Tyler 1976, writ ref'd n.r.e.), the Court followed the *Austin Road Co.* case and pointed out that when joint tort-feasors are not equally guilty, although both are liable to a third party, as between themselves the blameless should be allowed indemnity. Under such a rule, the dealer in this case argues that it is entitled to indemnity since it was furnished a vehicle by the importer with a manufacturing defect, which in no way resulted from any conduct upon the part of the dealer. We conclude that such line of cases is not controlling where the cause of action, under which the original recovery has been permitted, is a statutory right created by the Legislature. In our case, there has been no finding of negligence upon the part of either party, nor have the usual issues in a strict liability case been submitted to the jury. Instead, the cause of action arises under a consumer protection statute and from a failure to comply with a warranty. The Legislature, in creating the cause of action, did not address itself to the issue of indemnity in cases such as the one now before the Court. For us to grant such a right would be to write into the statute a right which the Legislature did not provide. Accordingly, we conclude that the right does not exist, and Point of Error XVI is sustained.

That part of the judgment providing that Volkswagen of America indemnify Bob Hoy Volkswagen of El Paso is reversed and rendered, and the judgment is otherwise affirmed.

PRESLAR, C. J., not sitting.

## ON MOTION FOR REHEARING

OSBORN, Justice.

The Appellant, Volkswagen of America, Inc., urges in its motion for rehearing that we erred in affirming the trial Court's judgment because there was no evidence of a manufacturing defect at the time the vehicle left the control of Appellant. It cites *McKisson v. Sales Affiliates, Inc.,* 416 S.W.2d 787 (Tex.1967); *Jack Roach-Bissonnet, Inc. v. Puskar,* 417 S.W.2d 262 (Tex. 1967); and *Technical Chemical Company v. Jacobs,* 480 S.W.2d 602 (Tex.1972). All of those cases were decided under the rule in Restatement (Second) of Torts, Sec. 402A (1965), and are not applicable in this case where Appellant gave a warranty "* * * for twelve months after the date of delivery * * *" to the customer, and liability is based upon the Texas Deceptive Trade Practices—Consumer Protection Act and not the Torts strict liability rule.

▉ With regard to the testimony of Mr. Ray Sides, some of which was quoted in our original opinion, Appellant notes that Mr. Sides indicated there were three basic ways in which the fire could have started, and that this evidence was not rebutted. Testifying that something could have occurred is no evidence that it did occur. *Johnston Testers v. Rangel,* 435 S.W.2d 927 (Tex.Civ.App.—San Antonio 1968, writ ref'd n.r.e.). The witness' testimony with regard to the carburetor defect was not that it could have occurred but that it did, in fact, occur and was the cause of the fire. He did not testify that any of the other three ways in which the fire could have occurred did, in fact, occur.

▉ Appellant also suggests we erred in failing to consider certain points of error, which we concluded had not been properly assigned as error in the trial Court. He states in his motion for rehearing: "* * * if this Honorable Court felt that this Appellant's statement of the point of error was confused or uncertain, then it could have required the matter to be re-briefed pursu-

**448**

ant to Rule 422 T.R.C.P." From such argument, we conclude counsel has misconstrued our opinion. We did not refuse to consider any point or argument because the same was defective or not properly briefed. We did so only because the point had not been assigned as required by the Rules of Civil Procedure. No amount of rebriefing can cure a failure to properly assign error in the trial Court.

We have considered all of the Appellant's points in the motion for rehearing, and the motion is overruled.

Bob Hoy Volkswagen of El Paso, Inc., urges in its motion for rehearing that it was entitled to indemnity against the importer who gave a written warranty. We conclude that Bob Hoy Volkswagen of El Paso, Inc., as a seller, under the Uniform Commercial Code, gave an implied warranty of fitness of the product sold, and Section 17.-50(a)(2), Tex.Bus. & Comm.Code, permits recovery for a failure to comply with both an express and an implied warranty. Thus, the Appellee, Licht, was entitled to recover under the statute against the importer for breach of its express warranty and against the seller for breach of its implied warranty. As noted in our original opinion, the legislature has not provided for indemnity between such wrongdoers and we may not add to the statute so as to provide for indemnity. The motion for rehearing of Bob Hoy Volkswagen of El Paso, Inc., is overruled.

PRESLAR, C. J., not sitting.