Maurice V. JONES, Appellant,

v.

Jack L. TUCKER et al., Appellees.

No. 1620.

Court of Civil Appeals of Texas,
Corpus Christi.

Dec. 4, 1980.

Francis I. Gandy, Jr., Robert Fagan, Corpus Christi, for appellant.

Robert D. Thorpe, Richard W. Crews, Jr., Brin & Brin, Corpus Christi, for appellees.

## OPINION

YOUNG, Justice.

This is a statutory construction case interpreting the pre-amendment provisions of the Deceptive Trade Practices-Consumer Protection Act (DTP–CPA), Tex.Bus. & Comm.Code Ann. § 17.41, et seq. (1973). The central issue raised in this appeal is whether a party adjudicated to be in violation of the Act can seek indemnity from a third party defendant in the absence of any specific indemnity provision in the Act itself or a finding of negligence on the part of the third party defendant.

Appellant, Maurice Jones (third party defendant), is a subcontractor who did roofing repair work on a residential home owned by appellee, Jack L. Tucker, d/b/a Jack L. Tucker Custom Homes (defendant), a contractor who builds and sells homes. All repair work was finished in February of 1975.

In November of 1975, appellee Tucker sold the home to appellee Nash (plaintiff in the original suit). In August, 1977, Nash brought this suit against Tucker under the DTP–CPA alleging breach of implied warranty that the roof was constructed in a good and workmanlike manner and fit for the purpose for which it was intended. Tex.Bus. & Comm.Code Ann. § 17.41 et seq. (1973). See *Lanphier Const. Ct. v. Fowco Const. Co.*, 523 S.W.2d 29 (Tex.Civ.App.— Corpus Christi 1975, writ ref'd n. r. e.).

Tucker brought a cross-claim for indemnity against Jones under section 17.55A (1977) for any damages for which Tucker might be liable to Nash.

Judgment in the trial court was entered in favor of plaintiff Nash for full damages (trebled) and attorneys' fees. The trial court also ordered that Jones indemnify Tucker for all damages, interest, attorneys' fees, and court costs. No finding was made as to any negligence on the part of Jones.

We note from the outset of this case that appellee Tucker filed no brief. Therefore, all statements made by appellant in his original brief as to the facts or the record are accepted by this Court as correct. Rule 419, T.R.C.P.

The important fact in this summary of the history of this case is the date on which the work was performed by Jones that allegedly breached the implied warranties. Jones performed the roofing repairs in February of 1975.

The pre-amendment version of the DTP–CPA did not include any indemnity provision as it currently does today. An indemnity provision was added that became effective May 23, 1977. Tex.Bus. & Comm.Code Ann. § 17.55A (1977). See Winship, "Commercial Transactions" 32 S.W.L.J. 194 (1978). The effective date of this indemnity provision occurred after the repair work was completed in February of 1975 which gave rise to the cause of action. Such provision cannot be applied retroactively. Tex.Rev.Civ.Stat.Ann. art. 5429b–2, § 3.02 (1980).

In the absence of a statutory right to indemnity or a finding of negligence, a party may not seek indemnity "... where a cause of action, under which the original recovery has been permitted, is a statutory right created by the Legislature." *Volkswagen of America, Inc. v. Licht*, 544 S.W.2d 442, 447 (Tex.Civ.App.—El Paso 1976, no writ). To permit such right to indemnity without the statute specifically authorizing such "... would be to write into the statute a right which the Legislature did not provide." *Volkswagen of America, Inc. v.*

*Licht*, supra. After the *Licht* case, the Legislature included the indemnity provision (§ 17.55A) in the amendments to the DTP–CPA in 1977. Wells, "What Hath the Legislature Wrought? A Critique of the Deceptive Trade Practices Act as Amended in 1977," 29 Baylor L.Rev. 541–2 (1977). Nevertheless, the *Licht* holding is controlling as to causes of action arising before the effective date of the new amendments in 1977. Therefore, Tucker is not entitled to indemnity from Jones. All of appellant's points of error are sustained.

That part of the judgment ordering Jones to indemnify Tucker is reversed and here rendered that Tucker take nothing from Jones. In all other respects, the judgment is affirmed.