Jim R. WILLIAMSON d/b/a T. M. Brick Company, Appellant,

v.

J. V. FRANK CONSTRUCTION, INC., Appellee.

No. 18458.

Court of Civil Appeals of Texas, Fort Worth.

May 7, 1981.

Rehearing Denied June 4, 1981.

Wright & Murchison, and Frank B. Murchison, Corsicana, for appellant.

Hill, Heard & Oneal, and Frank M. Gilstrap and Daniel A. Ortiz, Arlington, for appellee.

## OPINION

MASSEY, Chief Justice.

We affirm the order denying the plea of privilege of defendant, Jim R. Williamson, who does business as T. M. Brick Company.

History: Suzanne Hill, hereinafter termed Hill, brought her suit against J. V. Frank Construction, Inc., hereinafter termed Frank Construction. Alleged was that in 1978 Hill purchased from Frank Construction a certain lot with residence thereon constructed with use of brick said seller had purchased for that purpose from T. M. Brick Company. Hill claimed deficiencies in the workmanship and materials, particularly of the quality of the brick. There was claim that the brick was soft and not kiln-fired, hardened face brick, and that as a result it cracked, chipped, spalled, and in certain places had simply melted. The Brick Company had secured the same from Mexico and developed a market for it, using it in construction of residences, including that sold to Hill by Frank Construction. The Brick Company had delivered the brick to the site for incorporation into the structure subsequently purchased by Hill.

Recovery sought by Hill was for breach of warranties upon which she had relied in effecting her purchase, with resulting damages pled at $90,000.00. Furthermore, Hill alleged seller's violation of the provisions of the Texas Deceptive Trade Practices—Consumer Protection Act, Tex.Bus.& Comm. Code Ann. sec. 17.41 et seq. (Supp.1980–81), hereinafter referred to as DTPA. By reason of its provisions Hill sought to have her damages trebled and also to recover a reasonable attorney's fee. (At no time did Hill seek any recovery of the Brick Company.)

Frank Construction sought and obtained permission to file a cross-action against the Brick Company to bring it into the suit as a party charged to be liable to Frank Construction for all or part of the Hill claim in the event it should be found obligated thereon under Tex.R.Civ.P. 38 "Third Party Practice". Frank Construction alleged that the Brick Company had made representations and warranties as to the quality of the brick purchased, upon which there had been effected the purchase and use by Frank Construction.

Charged by the cross-action was that sec. 17.55A, "Indemnity" of the DTPA, and the provisions thereof in effect at the material time, Frank Construction was entitled to have from the Brick Company indemnity as applied to all sums required to be paid to Hill as result of her action (in the event she was entitled to recover in her suit against Frank Construction), plus reasonable attorney's fees necessary in maintenance of the action for indemnity.

In response to the Frank Construction third-party cross-action, the Brick Company filed a plea of privilege. In response, Frank Construction filed a controverting affidavit, casting into issue any right to have the case transferred as applied to its cross-action. Relied on by the controverting affidavit was Tex.Rev.Civ.Stat.Ann. art. 1995 "Venue", in its subdivisions 30 (1964) "Special venue", and 31 (Supp.1980–81) "Breach of warranty by a manufacturer" and under DTPA sec. 17.56 "Venue", where recovery is sought under provisions of the DTPA sec. 17.50 "Relief for Consumers".

We think it obvious that neither subdivision 30 nor 31 of art. 1995 contains provi-

sions which are, in themselves, applicable to support retention of the case for trial in the county of suit. However, we do believe and hold that by the provisions of DTPA, sec. 17.56 "Venue", there is support for the action of the trial court overruling the plea of privilege; and the aforementioned subdivision 30 does serve to direct the determination to be made by sec. 17.56 of the DTPA.

The material provisions of the DTPA were those in effect following amendments made thereto by the 65th Legislature in 1977. By sec. 17.45, as amended, was provision that the term " 'Consumer' means an individual, partnership, corporation, or governmental entity who seeks or acquires by purchase or lease, any goods or services." (Thereby Frank Construction in this case would have been a "Consumer".) By sec. 17.46, (unchanged) the misrepresentation of the standard, quality, or grade of goods amounts to "[f]alse, misleading, or deceptive acts or practices" on the part of the seller declared unlawful and subject to action by the consumer protection division under secs. 17.47, 17.58, 17.60, and 17.61 of the code. By sec. 17.50, as amended, a consumer may maintain an action if he has been adversely affected by, among others, the breach of an express or implied warranty. By the new sec. 17.55A "Indemnity", a defendant in an action under DTPA might seek contribution or indemnity from one who under the statutory or common law may have liability for the damaging event of which there is complaint by the consumer (meaning the consumer who claims of the party seeking from a third-person the contribution or indemnity.)

Independently Frank Construction could—but did not—bring action under the DTPA; instead, it confined its claims in the cross-action to those under the indemnity provision. (Under the factual situation shown in this case, Hill's suit could have been brought against the Brick Company as well as against Frank Construction, though this did not occur.)

Nevertheless, Frank Construction urges that its action for indemnity under sec. 17.55A is itself a claim for relief under sec. 17.50, and as such, is maintainable under the provisions of the DTPA. Prior to the effective date of sec. 17.55A, the law was otherwise. Where there was attempt by cross-action for indemnity to hold venue in instances similar to the present situation the cases decided held that venue did not lie in the county of suit or the original action. *Volkswagen of America, Inc. v. Licht*, 544 S.W.2d 442 (Tex.Civ.App.—El Paso 1976, no writ); *Jones v. Tucker*, 611 S.W.2d 456 (Tex.Civ.App.—Corpus Christi 1980, no writ). We think the legislature, in its enactment of sec. 17.55A, intended to change the law. The question is whether they successfully accomplished the objective of providing for venue of the cross-action for indemnity where venue would lie had the original plaintiff sued the third-party cross-defendant.

We hold such objective to have been accomplished; furthermore, we hold that the venue facts showed that Hill's case against the Brick Company, had one been filed by her, would have been properly retained in the county of suit. Among other reasons this would be because of the designation as a deceptive trade practice the Brick Company's act of participation in the intentional supply of the defective brick to be incorporated into the structure (to be) sold to Hill at a price greatly in disparity to the value received.

Affirmed.