**KED-WICK CORPORATION d/b/a Doyle Stuckey Homes, Appellant,**

v.

**Joseph LEVINTON and Wife, Loretta Levinton and Revels Masonry & Brick Sales, Inc., Appellees.**

No. C14–83–237–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 8, 1984.

Charles A. Nester, Nester & Horan, George M. Kirk, Jr., Houston, for appellant.

John F. Schaffer, David M. Waterson, Jr., Adams & Adams, Houston, for appellees.

Before JUNELL, MURPHY and SEARS, JJ.

## OPINION

JUNELL, Justice.

This appeal is from a judgment in favor of Joseph Levinton and wife, Loretta Levinton, appellees, against Ked-Wick Corporation, d/b/a Doyle Stuckey Homes (Stuckey/appellant) and Bert Chadwell. The judgment awarded the Levintons $45,300, plus $15,000 in attorney's fees and additional attorney's fees in the event of appeal. Suit had been brought by the Levintons under the Deceptive Trade Practices-Consumer Protection Act-(DTPA), TEX.BUS. & COM. CODE ANN., § 17.41–17.63 (Vernon Supp.1984).

The Levintons bought a brick-veneer residence from appellant and Chadwell on September 20, 1977. They brought suit on June 21, 1979, alleging breach of express and implied warranties and misrepresentations concerning workmanship and materials. The Levintons' principal complaint was that the Mexican brick used was defective and unsuitable for use as exterior brick-veneer on the house. There were other complaints of poor workmanship and defects that became apparent during the first year. Additional facts will be stated as necessary in the discussion of the various points of error.

Trial was to a jury. Special issues were answered in favor of the Levintons and against Stuckey and Chadwell. The jury found actual damages of $15,100. This was trebled by the trial court under the provisions of the DTPA. Judgment was rendered against Stuckey and Chadwell. Only Stuckey has appealed.

Appellant originally presented nine points of error. During oral arguments the appellant withdrew point nine. We will consider the first eight points.

■ In point of error number one appellant contends the trial court erred in trebling the damages because there was no proof of any written notice of complaint received by appellant from the Levintons after November 29, 1978, the date on which the Greater Houston Home Builders Association Consumer Affairs Committee ruled the Levintons' complaints non-warrantable.

The evidence is clear that the Levintons had given several written notices to Stuckey and Chadwell prior to the time suit was filed on June 21, 1979. The Levintons gave written notice on the walk-through on closing day; on their "thirty-day list" of October 22, 1977; and in a subsequent related reminder, a letter Mrs. Levinton sent directly to Stuckey. The Levintons complied with the DTPA as it existed at the time the suit was filed. The DTPA then required that the consumer provide written notice of his complaint before suit was filed. Act of May 23, 1977, ch. 216, § 6, 1977 Tex.Gen. Laws 604, *amended by* Act of June 13, 1979, ch. 603, § 5, 1979 Tex.Gen. Laws 1330. The Act did not dictate that such notice be given at any specified time prior to the filing of suit, just that it be given before the commencement of such a suit. We overrule point one.

Appellant's point of error number two is that the trial court's submission of Special Issue No. 26 in its charge was error and that the court erred in refusing to submit two of appellant's requested issues in lieu of said Special Issue No. 26.

854

Special Issue No. 26, as submitted in the court's charge, and the jury's answers thereto, were as follows:

What sum of money, if any, do you find from a preponderance of the evidence that [sic] would reasonably compensate the Plaintiffs, Joseph Levinton and wife, Loretta Levinton, as a result of any of the previous acts or omissions that were producing causes, if you have so found? Answer separately in dollars and cents, if any, with respect to each of the following items:

A. The replacement of the brick work on the house at 4907 Sabrina if such replacement was necessary.

Answer: $12,000.00

B. The repair or replacement of the vinyl in the kitchen, laundry and breakfast room, if such repair or replacement was necessary?

Answer: $0

C. The repair or replacement of the patio slab and driveway approach, if such repair or replacement was necessary?

Answer: $3,100.00

Appellant's objections to Special Issue No. 26 were as follows:

Doyle Stuckey Homes would object to Special Issue No. 26 on the basis that it will tend to confuse the jury and it's a comment on the weight of the evidence. Further, there's no specific finding or request for a finding by the jury as to whether or not the particular items set out in paragraphs A, B and C were in fact defective. And in that regard we would tender to the court our special issue which we feel should have been admitted, which does inquire as to the specific items.

In connection with its objections to Special Issue No. 26 appellant requested submission of the following Special Issues:

SPECIAL ISSUE NO. ____

Do you find that any of those portions of the house and lot at 4907 Sabrina Drive, Houston, Texas as listed below were not constructed in a good and workmanlike manner?

Answer "We Do" or "We Do Not" in the appropriate spaces below.

A. Brick veneer? _____

B. The vinyl in the kitchen and laundry room? _____

C. The driveway skirt? _____

D. The patio slab? _____

If you have answered any portion of Special Issue No. __ "We Do" and only in that event, then answer:

SPECIAL ISSUE NO. ____

For each portion, if any, of Special Issue NO. ____ which you have answered "We Do", then, what sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence to be the reasonable and necessary cost or expense, if any, to repair and/or correct that portion of the house and lot at 4907 Sabrina Drive, Houston, Texas that was or were not constructed in a good workmanlike manner, if any?

Answer in dollars and cents, if any, in the appropriate spaces below.

A. Brick veneer? $ _____

B. The vinyl in the kitchen and laundry room? $ _____

C. The driveway skirt? $ _____

D. The patio slab? $ _____

Appellant does not complain of the submission of Special Issue No. 1, which was as follows:

SPECIAL ISSUE NO. 1

Do you find from a preponderance of the evidence that the defendants Bert Chadwell and/or Doyle Stuckey Homes failed to construct the house at 4907 Sabrina in a good workmanlike manner?

Answer: "We Do" or "We Do Not."

Jury's Answer: "We Do."

Special Issue No. 1 was a broad or general submission of the issue of failure to construct in a good workmanlike manner. The first of the two above quoted special issues requested by appellant and refused

by the court was a more specific submission of particular parts of construction which allegedly had not been done in a good workmanlike manner. Tex.R.Civ.P. 277 provides as follows:

It shall be discretionary with the court whether to submit separate questions with respect to each element of a case or to submit issues broadly. It shall not be objectionable that a question is general or includes a combination of elements or issues.

■ The trial court's discretion in submitting special issues to the jury is subject only to the requirement that the issues submitted must fairly submit disputed issues for determination. *Chrysler Corporation v. McMorries*, 657 S.W.2d 858 (Tex. Civ.App.—Amarillo 1983, no writ).

■ Special Issue No. 26 asked for separate findings of amounts of damages for specific areas of construction that had not been done in a good workmanlike manner. It probably would have been better practice either to submit Special Issue No. 1 more specifically, as requested by appellant in the first of his two requested issues, or to submit Special Issue No. 26 generally by asking the jury to find the amount of damages produced by appellant's failure to construct in a good workmanlike manner. However, the issues as submitted appear sufficient to enable the jury to make an award of damages on proper grounds and correct principles of law. *McMorries*, 657 S.W.2d at 862. The refusal of appellant's requested issues was not a clear abuse of discretion.

■ Appellant also argues under point of error number two that Special Issue No. 26, as submitted, constituted a comment on the weight of the evidence. Special Issue No. 26 asked what sum of money would compensate appellees "as a result of any of the previous acts or omissions that were producing causes if you have so found." In asking about the repair or replacement of the individual items, each subpart of the issue stated "if such repair or replacement was·necessary." The issue does not assume the truth of a material controverted fact issue. Looking at the charge as a whole, the challenged issue does not appear to constitute a comment on the weight of the evidence. *See* Three R. McDonald, Texas Civil Practice in District and County Courts § 12.03.2 (rev. 1983).

■ Finally, appellant argues under point of error number two that the repair of the patio and driveway should not have been combined in sub-part C to Special Issue No. 26. Appellant argues that where there are different areas of damage, based on disparate theories and proof, the damage issue should be submitted in a manner which allows the jury to make separate awards and the court to ascertain the area of damage to which such award relates.. *Oakes v. Guerra*, 603 S.W.2d 371 (Tex.Civ. App.—Amarillo 1980, no writ). However, appellant did not object to Special Issue No. 26 on the ground that sub-part C improperly combined two distinct areas of damage. By failing to distinctly object to the charge on that basis, appellant has waived any error. Tex.R.Civ.P. 274; *Butler v. Joseph's Wine Shop, Inc.*, 633 S.W.2d 926, 931 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.); *Brown v. American Transfer & Storage Co.*, 601 S.W.2d 931 (Tex.1980). *George Pharis Chevrolet, Inc. v. Polk*, 661 S.W.2d 314 (Tex.App.—Houston [1st Dist.] 1983, no writ).

Finding no merit in any of the arguments made by appellant under point of error number two, it is overruled.

■ In point of error number six appellant contends the trial court erred in failing to disregard the jury's answers to subparts A and C of Special Issue No. 26 because the evidence was insufficient to prove that the estimated costs of replacement or repair were reasonable in amount or that the replacement or repairs were necessary. In point of error number seven appellant contends that the $12,000 awarded to Levinton to rebrick the home was against such an overwhelming preponderance of the evidence as to be manifestly unjust and wrong. We find no merit in

either of these points and see no necessity to detail the evidence supporting the jury's findings on damages. Points of error number six and seven are overruled.

■ In point of error number eight appellant contends that the attorney's fees awarded to the Levintons were excessive and that the court erred in failing to grant appellant's motion to reduce same.

The jury found that the sum of $15,000 was a reasonable attorney's fee for the services of the Levintons' attorney. The trial court awarded that amount as attorney's fees in the judgment. The testimony of the attorney for the Levintons concerning time spent, complexity of the issues in the case and the reasonable and customary charges for such services was entirely sufficient to sustain the amount awarded. Appellant did not even cross-examine the Levintons' attorney concerning the attorney's fees and offered no contradictory evidence. Point of error number eight is overruled.

In its third, fourth and fifth points of error appellant makes various complaints concerning the trial court's refusal to award appellant judgment over against Revels Masonry and Brick Sales, Inc. Point of error number three is that the trial court erred in failing to award appellant indemnity against Revels for the damages for which appellant had been held liable by reason of the defective brick. Appellant had bought the brick from Revels and it was delivered to the job site sometime before April 12, 1977. Revels invoiced appellant on April 12, 1977 and was paid shortly thereafter. Appellant contends it is entitled to indemnity by reason of Section 17.-55A of the DTPA, which provides as follows:

A person against whom an action has been brought under this subchapter may seek contribution or indemnity from one who, under the statute law or at common law, may have liability for the damaging event of which the consumer complains. A person seeking indemnity as provided by this section may recover all sums that he is required to pay as a result of the action, his attorney's fees reasonable in relation to the amount of work performed in maintaining his action for indemnity, and his costs.

■ TEX. BUS. & COM. CODE ANN. § 17.55A (Vernon Supp.1984). However, Section 17.55A was added to the DTPA in 1977 and did not become effective until May 23, 1977, after the sale and delivery of the brick by Revels to appellant at appellant's job site. Therefore, Section 17.55A has no application to this case. Prior to the effective date of Section 17.55A appellant had no right of indemnity against Revels in the absence of negligence on the part of Revels. *Volkswagen of America, Inc. v. Licht,* 544 S.W.2d 442 (Tex.Civ.App.—El Paso 1976, no writ); *Jones v. Tucker,* 611 S.W.2d 456 (Tex.Civ.App.—Corpus Christi 1980, no writ). In this case appellant did not plead that Revels was negligent and no special issues concerning such negligence were submitted to the jury or requested by appellant. Appellant, therefore, was not entitled to indemnity against Revels and point of error number three is overruled.

■ Point of error number four is that the trial court erred in failing to award appellant judgment against Revels for breach of warranty. Under this point of error appellant contends that the jury's answers to Special Issues Nos. 7, 8 and 26A entitled appellant to judgment against Revels for $12,000 for breach of warranty. The jury found in answer to Special Issue No. 7 that Revels had reason to know when it contracted to sell the bricks to appellant that appellant was relying on Revels to furnish suitable brick for exterior veneer, and in answer to Special Issue No. 8 that the brick supplied by Revels was not suitable for use as exterior veneer. In answer to Special Issue No. 26A the jury found that the sum of $12,000 was the cost of replacing the brick on the house. There is doubt whether these findings, standing alone, would entitle appellant to judgment against Revels for breach of warranty. However, we do not have to decide that question because there are other jury findings that support the trial court's judgment denying appellant such recovery. In an-

swer to Special Issues Nos. 17 through 23 the jury found that Bert Chadwell, appellant's joint venturer in the construction of the house in question, was negligent in several respects, and that such negligence was a proximate cause of 100% of the damages sustained by the Levintons from the defects in the brick. The negligent acts or omissions found by the jury were that Chadwell negligently caused the brick to be placed on the home when he knew, or in the exercise of ordinary care should have known, that the bricks were not fit for the purposes for which they were intended. The jury also found that Chadwell failed to have certain tests run on the brick, failed to have any certification papers indicating the brick met those standards and failed to adequately inspect the brick to determine whether it was reasonably free of defects prior to laying the brick. Every negligent act or omission of Chadwell was found to be a proximate cause of damages sustained by the Levintons. Finally, in answer to Special Issue No. 23 the jury found that 100% of the damages pertaining to repair or replacement of the defective brick was attributable to the negligence of Chadwell.

In *Signal Oil and Gas Co. v. Universal Oil Products,* 572 S.W.2d 320 (Tex.1978) the supreme court held that in a cause of action for breach of an implied warranty the buyer may not recover consequential damages to the extent that the buyer's negligence or fault was a concurring proximate cause of such damages. In *Indust-Ri-Chem Laboratory, Inc. v. Par Pak Company,* 602 S.W.2d 282 (Tex.Civ.App.— Dallas 1980, no writ) the court of civil appeals held the same rule would apply in a cause of action for a breach of an express warranty.

In the instant case the jury made findings in answer to Special Issues Nos. 7 and 8 of a breach of an implied warranty. There was evidence of an express warranty and breach thereof. The jury found an express warranty but failed to find a breach thereof. For our purposes the findings of implied warranty and its breach are sufficient. Under these findings appellant was not entitled to recover consequential damages from Revels. Appellant has not shown us and does not contend that there is any evidence in the record and findings by the jury of any amount of damages (other than consequential damages) recoverable by appellant from Revels under Section 2.714 of the Texas Business and Commerce Code. Therefore, the trial court did not err in failing to award appellant judgment against Revels for any amount of damages for breach of warranty. Point of error number four is overruled.

Point of error number five is that the trial court erred in failing to disregard the jury's answers to Special Issues Nos. 20, 21 and 23 because (1) Chadwell had no legal duty to test the brick and (2) Chadwell's contributory negligence cannot be inputed to appellant.

The jury's findings complained of were that Chadwell was negligent in causing the bricks to be placed on the home at a time when he knew or should have known the bricks were not fit for the purpose for which they were intended and that 100% of the damages therefrom was attributable to Chadwell's negligence.

■■■ Appellant argues that Chadwell had no legal duty to test the brick because (1) there was no appearance of any defect in the brick and (2) the brick was purchased by sample. We find no merit in this argument. There was evidence that it was common knowledge in the industry that a lot of defective brick was coming into the U.S. from Mexico. Thus, appellant had a duty to adequately inspect and, if reasonable, to test the brick before having it laid. The evidence also showed that with practically no expense very simple tests would have disclosed the defects in the brick. Appellant's second contention, that the brick was purchased by sample, is not supported by the evidence except as to the color of the brick. There is no evidence that a sample brick was furnished by Revels and tested by appellant and that appellant relied on any representation that the brick to be furnished would conform in quality to that of the tested sample. Such lack of evi-

dence distinguishes this case from *Indust-Ri-Chem Laboratory, Inc. v. Par Pak Company, Inc., supra,* relied on by appellant. The other cases cited by appellant, *Furst-Edwards & Co. v. St. Louis S.W. Ry. Co.,* 146 S.W. 1024 (Tex.Civ.App.—Austin 1912, writ ref'd); and *Chicago R I & G Ry. Co. v. Rhone,* 105 S.W.2d 707 (Tex.Civ.App.—Fort Worth 1937, writ dism'd), do not support appellant's argument. They merely state the general rule that negligence must be founded on some breach of duty imposed by statute or some rule of common law.

■■■ Appellant's second contention under point of error number five, that Chadwell's negligence cannot be imputed to appellant has no merit. Appellant argues that there is no evidence that appellant had any control over Chadwell and, absent such control, Chadwell's negligence cannot be imputed to appellant. However, the evidence is undisputed that Stuckey and Chadwell were joint adventurers in the construction and sale of the house. Each of the parties to a joint adventure is legally responsible for the act of the other performed within the scope of the enterprise and resulting in injury to a third person. *Martin v. Weaver,* 161 S.W.2d 812 (Tex.Civ.App.—El Paso 1941, writ ref'd, w.o.m.); *Tex-Jersey Oil Corporation v. Beck,* 292 S.W.2d 803 (Tex.Civ.App.—Texarkana 1956), modified on other grounds, in *Tex-Jersey Oil Corporation v. Beck,* 157 Tex. 541, 305 S.W.2d 162 (1957). There is no merit to appellant's second contention under point of error number five. Point of error number five is overruled.

The judgment of the trial court is affirmed.