R. L. LIPSEY, INC., Appellants,

v.

PANAMA–WILLIAMS, INC., Appellee.

No. A2510.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Jan. 28, 1981.

Rehearing Denied Feb. 25, 1981.

Sam Minter, Tom L. Pettiete, Minter & Mahon, Houston, for appellants.

Tom F. Coleman, Jr., Able & Coleman, O. Gordon Oldham, A. Randall Friday, The Gulf Companies, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and PAUL PRESSLAR and JUNELL, JJ.

JUNELL, Justice.

This is an appeal from a judgment rendered against defendants, Lipsey, Inc. and R. L. Lipsey, individually (Lipsey), in a suit for breach of an alleged oral joint venture agreement. This is the second appeal in the case, the first having been taken to the 1st Court of Civil Appeals from a summary judgment granted in favor of defendants. *Panama-Williams, Inc. v. Lipsey,* 576 S.W.2d 426 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ ref'd n. r. e.). The 1st Court of Civil Appeals reversed summary judgment and remanded the case for trial on the merits, finding fact issues were raised by the summary judgment evidence. A trial to a jury resulted in judgment entered on jury findings against Lipsey in the amount of $106,000.00. We affirm.

In July, 1976, Lipsey, a pipeline contractor, was invited among others by Gulf Refining Co. to bid on a pipeline project known as the Lucas contract. On July 13, 1976, Lipsey, who previously had not intended to submit a bid, was contacted by M. S. Williams and Panama Shiflett of Panama-Williams, Inc., appellee, to joint venture the Lucas project with Panama-Williams, a pipeline contractor who had not been invited to bid on the project. Lipsey agreed and together they prepared and, on Friday, July

16, 1976, signed a joint bid. Lipsey was to submit the bid to Gulf Refining Co. the following Monday, July 19, 1976, the due-date for the bids. Lipsey appeared at Gulf's offices the following Monday. Although the testimony is conflicting as to the conversation which took place, the record shows that Lipsey did not submit the joint bid, but rather requested a new set of bid forms. Later that day he submitted in his name alone essentially the same bid he had prepared with the assistance of Shiflett and Williams. The contract was awarded to Lipsey and subsequently performed by a subcontractor, Consolidated Pipeline Contractors, Inc., also owned by Lipsey.

After discovering that the bid had been submitted in Lipsey's name alone, Panama-Williams filed suit against Lipsey for breach of the agreement and against Gulf for interference with Panama-Williams' contractual relationship with Lipsey. Both Gulf and Lipsey filed motions for summary judgment which were granted by the trial court based on the ground that the Lucas contract required a one-year warranty following construction and, therefore, could not be performed within one year, placing the alleged oral agreement in violation of the Statute of Frauds. On appeal to the 1st Court of Civil Appeals, the case was reversed and remanded for trial. In their opinion the Court made the following rulings which we find to be the law of the case:

1. The provision in the contract requiring a one-year warranty of the contractor brings the joint venture agreement within the Statute of Frauds because it was an agreement not in writing which was not to be performed within one year, and the joint bid proposal and its transmittal letter are not sufficient to satisfy the Statute of Frauds;

2. The joint venture agreement was not void for vagueness as to its essential terms because, being an agreement peculiar to a certain trade, it may be interpreted in the light of the custom of the trade and the construction placed upon it by the parties; and

3. A defense to the application of the Statute of Frauds in this case exists if there occurred a breach of fiduciary duty owed by one joint venturer to another which fiduciary duty existed before and apart from the agreement the subject of the suit.

*Exxon Corp. v. Butler,* 585 S.W.2d 881 (Tex. Civ.App.—San Antonio, 1979, no writ).

█ Lipsey's first point on appeal is that the trial court erred in rendering judgment against Lipsey for breach of the joint venture agreement found by the jury because a condition precedent to the performance of the joint venture existed and did not occur. Lipsey asserts that the joint venture was conditioned upon Gulf's acceptance of a joint bid from Lipsey and Panama-Williams and that the jury's answer to special issue no. 4, which finds that a joint bid was not acceptable to Gulf, establishes that the condition precedent did not occur, precluding any liability on Lipsey's part for breach of the alleged joint venture agreement. We do not agree.

The jury finding is not tantamount to a finding that a condition precedent to the performance of the joint venture did not occur. The evidence establishes that, while both Lipsey and Panama-Williams prepared the bid with the understanding that a joint bid would be acceptable to Gulf, Gulf's acceptance of a joint bid was not a necessary prerequisite to performance of the joint venture agreement. After Lipsey's bid was accepted by Gulf, Lipsey was free to perform according to his agreement with Panama-Williams. The testimony of Gulf's representative was to the effect that Gulf would have no objection to Panama-Williams' participation in the actual performance of the job. Their objection was to a joint bid from two or more contractors and was for practical, not legal, reasons.

█ Lipsey argues that to have proceeded with the joint venture without Panama-Williams on the bid would result in a subcontract situation, rather than a joint venture. We do not find that Panama-Williams' presence on the bid papers is neces-

sary in order to establish the nature of the relationship to be that of a joint venture. Whether a particular agreement constitutes a joint venture depends upon the intentions of the parties thereto. *Luling Oil & Gas Co. v. Humble Oil & Refining Co.,* 144 Tex. 475, 191 S.W.2d 716 (1945). If a joint venture exists, one joint venturer has the authority to bind other joint venturers by contracts made in furtherance of the joint enterprise. *Burton-Lingo Co. v. Federal Glass & Paint Co.,* 54 S.W.2d 170 (Tex.Civ. App.—Eastland 1932, no writ). Appellant's first point of error is overruled.

■ Appellant's second, third and fourth points of error complain of the jury award of $106,000.00 to Panama-Williams for lost profits. Lipsey contends Panama-Williams should be limited to the $2,500.00 which the jury found to be the value of the services performed by Panama-Williams in the preparation of the joint bid. He argues that because the oral joint venture agreement violates the Statute of Frauds, Panama-Williams is limited in their recovery to their out-of-pocket losses. This is not true, however, where, as here, breach of a fiduciary duty is found to have occurred and retention by the fiduciary of the property gained thereby would result in unjust enrichment. Equity will force him to divide his gains with the other joint venturer in accordance with their original agreement. The abuse of a confidential relationship by acquiring property through the employment of knowledge or interest obtained in such relationship constitutes a sufficient basis for equitable relief in the form of a constructive trust in respect of such property and in favor of the person wronged. *Fitz-Gerald v. Hull,* 150 Tex. 39, 237 S.W.2d 256 (1951). See also Restatement of Restitution § 160 comment e at 644. In such a case it is necessary that the fiduciary relationship arise before and apart from the agreement made the basis of the suit. *Consolidated Gas & Equipment Co. v. Thompson,* 405 S.W.2d 333 (Tex.1966). An abuse of confidence within the rule may be an abuse of either a technical fiduciary relationship or an informal relationship where one person trusts in and relies upon another, whether

the relation is a moral, social, domestic or merely personal one. *Fitz-Gerald v. Hull, supra* 237 S.W.2d at 261. There is sufficient evidence in the record to support the jury's finding in special issue no. 13, that a fiduciary relationship existed between the parties prior to the formation of the joint venture the subject of this suit. Appellant's point of error two, three and four are overruled.

■ In his points of error five, six and seven Lipsey complains that the alleged agreement between Panama-Williams and himself was too indefinite to constitute a contract and that joint venture was erroneously defined by the Court. As stated above we find the law of the case as recited in the opinion of the 1st Court to be that the agreement, though indefinite, may be interpreted in light of the custom of the trade and construction placed upon it by the parties, and is therefore not void for vagueness. *Panama-Williams, Inc. v. Lipsey, supra* at 431.

■ Lipsey's requested definition of joint venture, which was refused by the court, is essentially identical to the definition given by the court except that Lipsey's definition substituted "meeting of the minds as to the essential terms of the joint venture" for agreement in the following instruction:

"By the term 'joint venture' as used in this charge, is meant an agreement between parties under which they have a community of interest in the undertaking, a right in all parties in the transaction to share in the profit and an obligation to share in the losses. It is in the nature of a partnership but is usually limited to a particular transaction or enterprise and whether the relationship exists generally depends upon the intention of the parties."

The definition given contains all elements necessary to a joint venture. *Brown v. Cole,* 155 Tex. 624, 291 S.W.2d 704, 709 (1956). The court is not required to submit other and various phases or different shades of the same issue. Tex.R.Civ.P. 279. Lipsey's fifth, six and seventh points of error are overruled.

Lipsey's eighth, ninth and tenth points of error complain of the finding of the existence of a fiduciary relationship between the parties. Specifically, he contends fiduciary was erroneously defined, there was no evidence to support its submission and that Lipsey, as a corporate officer in Lipsey, Inc., owed his sole fiduciary duty to his corporation. We find no merit in these arguments.

The definition given by the court in special issue No. 13 is:

> "You are instructed that the term "fiduciary relationship" as used above means a relationship where one person trusts and relies on another whether the relationship is moral, social, domestic or merely a personal one. You are instructed that the fact that one business man subjectively trusts in another and relies on his promise to carry out a contract does not in and of itself create a fiduciary relationship. You are further instructed that the fiduciary relationship, if any, may arise from prior business dealings over a long period of time but, in this case, such business dealing must have arisen prior to and apart from the events which occurred in connection with the Lucas job."

We find the above definition in accord with that of *Thigpen v. Locke*, 363 S.W.2d 247 (Tex.1963) and, as previously noted with regard to Lipsey's second, third and fourth points of error, there is sufficient evidence in the record to support the jury's finding.

The cases cited by Lipsey for the proposition that Lipsey's sole fiduciary duty is to the Corporation in which he serves as an officer speak only to his fiduciary duty to the corporation and are not applicable to the facts of this case.

All of appellants points are overruled and the judgment of the trial court is affirmed.