**OTIS ELEVATOR COMPANY, Appellant,**

v.

**ZAC SMITH & COMPANY, INC., Appellee.**

**No. 14517.**

Court of Appeals of Texas, Austin.

Aug. 13, 1986.

Rehearing Denied Sept. 24, 1986.

Tom Broussard, Lloyd Broussard, Broussard & Broussard, Austin, for appellant.

J. Scott Howard, Larry F. York, Baker & Botts, Austin, for appellee.

Before SHANNON, C.J., and GAMMAGE and CARROLL, JJ.

GAMMAGE, Justice.

Otis Elevator Company appeals from an order of the district court dismissing its lawsuit against Zac Smith & Company, Inc. ("Smith"), for lack of in personam jurisdiction. This Court will set aside the order of the district court and remand the cause for trial on the merits.

Otis sued Smith and Advanced Concrete of Texas, Inc., for breach of a contract for purchase of four elevators to be used in the construction of a hotel in Austin. Smith, a Florida corporation, filed a special appearance asserting it was not amenable to process and to the jurisdiction of the courts of this state. Tex.R.Civ.P.Ann. 120a (Supp. 1986). The trial court, after a hearing, sustained Smith's objection to jurisdiction and ordered Smith dismissed from the cause. It is from this order that Otis appeals.

In September 1983, Double W Investors, an Austin property owner, entered into a contract with Advanced Concrete to build a hotel on its property. On October 25, 1983, the president of Advanced Concrete, Herbert Watkins, signed an agreement with Otis to purchase four elevators for the project. Six days later, Advanced Concrete entered into a joint venture agreement with Smith in which the parties agreed that Smith would obtain the required bond for the project and Advanced Concrete would provide a project manager at the construction site. On February 2, 1984, Double W Investors entered into a contract for construction of the hotel with the Advanced

Concrete/Smith joint venture. In a letter signed by Smith's president on March 19, 1984, Watkins was authorized to act on behalf of the joint venture on all matters pertaining to its purpose. The City of Austin issued a building permit to Advanced Concrete and Smith as a joint venture in March 1984. The evidence indicates that Smith had no continuous or systematic business activity in Texas, and that its contacts with this state are limited to those previously mentioned.

■■■ By its first point of error, Otis challenges the trial court's determination that Smith was not subject to the jurisdiction of the courts of this state. In a Rule 120a special appearance hearing, a nonresident defendant has the burden of proof to negate all bases of personal jurisdiction. *Siskind v. Villa Foundation for Education, Inc.*, 642 S.W.2d 434, 438 (Tex. 1982). The courts of this state apply a three-pronged test to determine the constitutional reach of the state's jurisdiction over nonresidents who maintain only a single or few contacts with Texas. *Id.* at 436; *U-Anchor Advertising, Inc. v. Burt*, 553 S.W.2d 760 (Tex.1977), *cert. denied*, 434 U.S. 1063, 98 S.Ct. 1235, 55 L.Ed.2d 763 (1978). To maintain jurisdiction over nonresidents such as Smith

> (1) the nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state; (2) the cause of action must arise from, or be connected with, such act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation.

*Siskind v. Villa Foundation for Education, Inc., supra, quoting O'Brien v. Lanpar Co.*, 399 S.W.2d 340, 342 (Tex. 1966).

■■■ The Texas "long-arm" statute provides that a nonresident entering into a contract with a Texas resident performable in part by either party in Texas shall be deemed to be doing business in Texas. Tex.Civ.Prac. & Rem.Code Ann. § 17.042 (1986); *U-Anchor Advertising v. Burt, supra* at 762. Smith's acts of entering into the joint venture agreement with Advanced Concrete, authorizing Watkins to act as an agent for the joint venture, contracting with Double W Investors to participate as a joint venture in the hotel's construction, and applying for and receiving a building permit from the City of Austin satisfy the first prong of the *O'Brien* test.

Smith contends that Texas courts cannot assert jurisdiction over it in this cause because of the requirement that the cause of action must arise from, or be connected with, its acts or transactions in this state. Smith argues that the elevator contract was signed prior to the execution of the joint venture agreement; that the elevator contract was an agreement between Otis and Advanced Concrete only; that the joint venture never adopted the contract; and that Smith never ratified the agreement. Because the suit is on the contract to which Smith is not a party, Smith maintains that the trial court's jurisdiction fails under the second prong of the *O'Brien* test.

■■■ This Court has determined that the cause of action is sufficiently connected with Smith's acts in this state so as to confer jurisdiction in this cause. Each party to a joint venture is legally responsible for the acts of the other joint venturer performed within the scope of the enterprise and resulting in injury to a third person. *Ked-Wick Corp. v. Levinton*, 681 S.W.2d 851, 858 (Tex.App.1984, no writ). A joint venturer may bind his associates by a contract made in furtherance of the joint enterprise. *R.L. Lipsey, Inc. v. Panama-Williams, Inc.*, 611 S.W.2d 917 (Tex.Civ. App.1981, writ ref'd n.r.e.); *Federal Underwriters Exchange v. Coker*, 116 S.W.2d 922 (Tex.Civ.App.1938, writ dism'd). Smith's president testified that he knew elevators would be necessary for the

project when he entered into the agreement. Although the contract between Otis and Advanced Concrete was never explicitly ratified by Smith or the joint venture, it is sufficiently related to the entire transaction so as to make Smith amenable to service of process in the matter. This Court specifically declines, of course, to rule on the ultimate issue of whether Smith is liable under the contract; we hold here only that the contract is sufficiently connected with Smith's acts in Texas so as to confer jurisdiction in this cause.

The requirement that Smith have had minimum contacts such that the exercise of jurisdiction by Texas courts would not "offend traditional notions of fair play and substantial justice" involves federal due process guarantees. *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). The United States Supreme Court has stated that the "minimum contacts" test depends first on whether the cause of action relates to or arises out of the defendant's contacts with Texas. If it does not, then Smith must have had continuous and systematic business activity here. If it does, then the relationship among Smith, the forum, and the litigation is the proper focus. *See Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *Shaffer v. Heitner,* 433 U.S. 186, 204, 97 S.Ct. 2569, 2579, 53 L.Ed.2d 683 (1977). Smith "purposefully availed" itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of Texas laws by entering into contracts to be performed in Texas and obtaining the building permit from the City of Austin. *See Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228–1239, 2 L.Ed.2d 1283 (1958). Because we conclude that the cause of action relates to Smith's contacts with Texas, and because Smith purposefully availed itself of the laws of this state, the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice.

Smith failed to meet its burden of negating all bases of personal jurisdiction at the special appearance hearing. We sustain Otis' first point of error. Because of our disposition, we do not reach the other points raised by Otis. The trial court's order sustaining Smith's objection to the jurisdiction is set aside and the cause is remanded for trial on the merits.