Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio





# OPINION

No. 04-10-00371-CV

Wade P. **FITZGERALD** and Minot Tully Pratt, IV and Michael G. Panzarella, as Trustee of the
MTPIV Trust and Cinco Family Trust,
Appellants

v.

**SCHROEDER VENTURES II, LLC**,
Appellee

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-05416
Honorable Janet P. Littlejohn, Judge Presiding

Opinion by:     Karen Angelini, Justice

Sitting:        Catherine Stone, Chief Justice
                Karen Angelini, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  April 6, 2011

REVERSED AND RENDERED

The issue presented in this appeal is whether defendants who successfully defended

claims arising from a real estate transaction should have been awarded attorney's fees and costs

under the parties' earnest money contract. The trial court refused to award attorney's fees and

costs under the contract, relying on the Texas Supreme Court's decision in *Intercontinental

Group P'Ship v. KB Home Lone Star, L.P*. 295 S.W.3d 650 (Tex. 2009). We conclude

*Intercontinental* is not applicable here, and the defendants were entitled to attorney's fees and

costs under the plain language of the parties' contract. We, therefore, reverse and render judgment awarding attorney's fees and costs.

## BACKGROUND

Schroeder Ventures II, LLC, purchased a tract of land from Minot Tully Pratt, IV, and Michael G. Panzarella, as Trustee of the MTPIV Trust and Cinco Family Trust. Wade P. Fitzgerald, a real estate broker, represented Pratt in the sales transaction. The attorney's fees provision in the parties' earnest money contract provided:

> 16. ATTORNEY'S FEES: If Buyer, Seller, any broker, or any escrow agent is a *prevailing party* in any legal proceeding brought under or with relation to this contract or this transaction, such party is entitled to recover from the non-prevailing parties all costs of such proceeding and reasonable attorney's fees. This Paragraph 16 survives termination of this contract.

(emphasis added). The contract, which was a standard contract promulgated by the Texas Association of Realtors, did not define the term "prevailing party." Although not a signatory to the contract, Schroeder Ventures assumed the buyers' rights and obligations under the contract by assignment.

After the sale closed, Schroeder Ventures sued Fitzgerald, Pratt, and Panzarella for fraud, fraudulent misrepresentation, negligence, gross negligence, and negligent misrepresentation in the sales transaction. The suit alleged Fitzgerald, Pratt, and Panzarella failed to disclose the existence of a sinkhole adjacent to the real property. Fitzgerald, Pratt, and Panzarella filed pleadings seeking to recover attorney's fees based on the parties' earnest money contract, but sought no other affirmative relief.

At trial, the jury found in favor of Fitzgerald, Pratt, and Panzarella—and against Schroeder Ventures—on all of the liability questions. Specifically, the jury found Fitzgerald, Pratt, and Panzarella did not commit statutory fraud or fraud against Schroeder Ventures in the

transaction. The jury also found Fitzgerald, Pratt, and Panzarella did not make a negligent misrepresentation to Schroeder Ventures in the transaction. Finally, the jury found Fitzgerald, Pratt, and Panzarella were not negligent in the transaction. In fact, the only party the jury found to be negligent in the transaction was Schroeder Ventures.

The jury also made findings as to reasonable and necessary attorney's fees. The jury found the reasonable and necessary fees for Fitzgerald's attorneys to be $104,063.00 for trial and $25,000.00 for a successful appeal to the court of appeals. The jury found the reasonable and necessary fees for Pratt's and Panzarella's attorneys to be $195,688.00 for trial and $25,000.00 for a successful appeal to the court of appeals. The jury also found Pratt and Panzarella incurred $5,100.00 in costs.

Fitzgerald, Pratt, and Panzarella moved for entry of judgment in accordance with the jury's verdict. In response, Schroeder Ventures argued Fitzgerald, Pratt, and Panzarella were not entitled to attorney's fees based on the Texas Supreme Court's analysis of the term "prevailing party" in *Intercontinental*. Schroeder also argued the attorney's fees provision in the contract did not apply because Schroeder's claims were not contractual in nature, and the attorney's fees provision in the contract covered only contractual claims.

The trial court concluded *Intercontinental* precluded recovery of attorney's fees by Fitzgerald, Pratt, and Panzarella, and refused to render judgment in accordance with the jury's findings on attorney's fees. Instead, the trial court rendered judgment denying Fitzgerald, Pratt, and Panzarella recovery on their counterclaim for attorney's fees, and ordered all attorney's fees and costs to be paid by the party who incurred them. The trial court rendered a take-nothing judgment in accordance with the jury's liability findings.

Thereafter, Fitzgerald, Pratt, and Panzarella brought this appeal to challenge the trial court's denial of attorney's fees and costs under the contract.

## STANDARD OF REVIEW

Generally, a trial court's award of attorney's fees is reviewed for an abuse of discretion. *Bocquet v. Herring*, 972 S.W.2d 19, 20-21 (Tex. 1998); *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 881 (Tex. 1990). The trial court has discretion to fix the amount of attorney's fees, but it does not have discretion to deny attorney's fees entirely if they are proper. *Mercier v. Sw. Bell Yellow Pages, Inc.*, 214 S.W.3d 770, 775 (Tex. App.—Corpus Christi 2007, no pet.); *World Help v. Leisure Lifestyles, Inc.*, 977 S.W.2d 662, 683 (Tex. App.—Fort Worth 1998, pet. denied).

Texas follows the "American Rule" which prohibits awards of attorney's fees unless specifically authorized by statute or by a contract between the parties. *MBM Fin. Corp. v. The Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 669 (Tex. 2009). An issue concerning the availability of attorney's fees under a statute or a contract presents a question of law that appellate courts review de novo. *Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex 1999); *In re Lesikar*, 285 S.W.3d 577, 583 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding). Therefore, we apply the de novo standard of review in this case.

## DOES *INTERCONTINENTAL* APPLY?

Fitzgerald, Pratt, and Panzarella argue that *Intercontinental* did not preclude an award of attorney's fees in this case, and that under the plain language of the parties' earnest money contract, they were entitled to recover their attorney's fees from Schroeder Ventures because they successfully defended against all of its claims. Schroeder Ventures counters that under the

prevailing party analysis provided in *Intercontinental*, Fitzgerald, Pratt, and Panzarella were not prevailing parties, and therefore, the trial court properly refused to award them attorney's fees.

In *Intercontinental*, KB Homes sued Intercontinental for breach of contract, and sought money damages for lost profits. 295 S.W.3d at 652. The jury found in favor of KB Homes on its breach of contract claim, but awarded no damages. *Id*. Intercontinental counterclaimed against KB Homes for breach of contract, but the jury found no breach of contract by KB Homes. *Id*. Intercontinental waived any claim for attorney's fees in defending KB Home's breach of contract claim by not submitting the issue to the jury. *Id*. at 662. Both parties moved for judgment, claiming attorney's fees as "prevailing party" under the parties' contract, which provided that "the prevailing party . . . shall be entitled to his reasonable attorney's fees." *Id*. at 652-53.

The trial court found KB Homes was the prevailing party and awarded it attorney's fees. *Id*. The appellate court affirmed the trial court's judgment, but the Texas Supreme Court reversed. *Id*. at 653. In its opinion, the Texas Supreme court concluded KB Homes was not entitled to an award of attorney's fees under the contract because even though it had obtained a breach of contract finding in its favor, it had not obtained any damages. *Id*. at 655-56. Because KB's goal in the litigation was recovery damages, the Texas Supreme Court concluded KB Homes had not prevailed in any meaningful sense. *See id*. In announcing its holding, the supreme court stated,

> [W]hen a contract mandates attorney's fees to a "prevailing party," a term undefined in the contract, has a party "prevailed" if the jury finds the other side violated the contract but awards no money damages? We agree with the United States Supreme Court, which holds that to prevail, a *claimant* must obtain actual and meaningful relief, something that materially alters the parties' legal relationship. That is, a *plaintiff* must prove compensable injury and secure an enforceable judgment in the form of damages or equitable relief. The *plaintiff* here secured neither. We thus reach the same conclusion as in another breach of contract case decided today: "a client must gain something before attorney's fees can be awarded."

*Id*. at 652 (emphasis added). Later, the court stated, "In short, a *plaintiff* 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the *plaintiff*." *Id*. at 654 (emphasis added).

Turning to the case before us, Schroeder Venture argues *Intercontinental* precluded the award of attorney's fees to the defendants in this case. Schroeder Ventures maintains that in order to be a prevailing party, a party must meet two requirements. First, the party must prevail upon the court for some affirmative relief and must obtain that relief. Second, the relationship between the parties must be materially altered by the judgment. Schroeder Ventures argues the trial court properly refused to award Fitzgerald, Pratt, and Panzarella attorney's fees because these requirements were not met in this case.

We disagree with Schroeder Ventures's reading of *Intercontinental*, and its argument that *Intercontinental* precluded the award of attorney's fees under the parties' contract. As shown in the above-quoted excerpts, the court's analysis in *Intercontinental* is framed in terms of what a "plaintiff" or "claimant" must do to be a prevailing party. Although there are instances in which the court in *Intercontinental* uses more general language such as "party," these references must be read in the context of the case.[1] The entire discussion in *Intercontinental* is in the context of a plaintiff suing for damages and yet obtaining nothing. Thus, *Intercontinental* illustrates what a plaintiff must to do be a prevailing party; it does not answer the question of what a defendant must do to be a prevailing party. Because the analysis in *Intercontinental* is tailored to what a

---

[1] For example, the court stated, "It seems beyond serious dispute that KB Home achieved no genuine success on its contract claim. Whether a *party* prevails turns on whether the *party* prevails upon the court to award it something, either monetary or equitable. KB Home got nothing except a jury finding that Intercontinental violated the contract." *Intercontinental*, 295 S.W.3d at 655 (emphasis added).

plaintiff must do to obtain prevailing party status, it did not provide a reason for denying the defendants' request for attorney's fees in this case.

Moreover, in *Intercontinental* the court concluded that the issue now before us—whether the defendant was the prevailing party and entitled to attorney's fees for successfully defending against the plaintiff's claims—was waived. Thus, in *Intercontinental* the court never reached the issue presented to us in this case. As the court stated in *Intercontinental*,

> If KB Home "lost" by receiving no damages does that mean Intercontinental "won" by remitting no damages? *We cannot reach this question if it is not properly presented, and it is not*. On the record before us, it is undisputed that Intercontinental neither preserved the issue nor presented any evidence…regarding its attorney's fees for defending KB Home's breach-of-contract claim.

295 S.W.3d at 657 (emphasis added).

At least one other Texas intermediate appellate court has concluded the analysis in *Intercontinental* was inapplicable to determining whether a defendant who successfully defended a claim was a prevailing party under the parties' agreement. *Silver Lion, Inc. v. Dolphin Street, Inc.*, No. 01-07-00370-CV, 2010 WL 2025749, at *18 (Tex. App.—Houston [1st Dist.] May 20, 2010, pet. denied) ("The court in *Intercontinental* did not reach the issue of whether the defendant in that case could instead be the 'prevailing party,' holding that the defendant had waived that issue for appeal."). Thus, the First Court of Appeals looked to other authority to decide if the defendant, who was awarded a take-nothing judgment on a breach of contract claim against him, could be the prevailing party under the parties' agreement. *Id*. Relying on other authority, the First Court of Appeals held the defendant was the prevailing party, and therefore, was entitled to attorney's fees under the parties' agreement for successfully defending the claim against him. *Id*.

For these reasons, we conclude *Intercontinental* did not apply to the attorney's fees issue in the present case, and did not provide a reason for denying Fitzgerald, Pratt, and Panzarella attorney's fees under the parties' contract.

## CONTRACT CONSTRUCTION

Having determined that *Intercontinental* is inapplicable here, we turn to the language of the parties' contract to determine if Fitzgerald, Pratt, and Panzarella were entitled to attorney's fees. A court's primary concern when interpreting a contract is to ascertain and give effect to the intent of the parties as expressed in the contract. *Seagull Energy E&P, Inc. v. Eland Energy, Inc.*, 207 S.W.3d 342, 345 (Tex. 2006). Contract terms are given their plain, ordinary, and generally accepted meanings, and contracts are to be construed as a whole in an effort to harmonize and give effect to all provisions of the contract. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 662 (Tex. 2005).

Here, the contract states, "*If Buyer, Seller, any broker, or any escrow agent* is a prevailing party in any legal proceeding brought under or with relation to this contract or this transaction, such party is entitled to recover from the non-prevailing parties all costs of such proceeding and reasonable attorney's fees." The contract makes no reference to a party's status as a plaintiff or defendant in the litigation. Instead, the attorney's fee provision applies to any "buyer," "seller," "broker," or "escrow agent." Pratt and Panzarella were sellers, and Fitzgerald was a broker. Thus, on its face, the attorney's fees provision appears to apply to them, regardless of their status in the litigation.

When the parties entered into the earnest money contract in October 2005, the term "prevailing party" was defined by Black's Law Dictionary as "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded…[a]lso termed *successful*

*party.*" BLACK'S LAW DICTIONARY 1154 (8th ed. 2004) (emphasis in original). According to Webster's Dictionary, the word "prevail" means: (1) to gain ascendancy through strength or superiority: triumph; (2) to be or become effective or effectual; (3) to use persuasion successfully. WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 932 (9th ed. 1991). We conclude that under the plain, ordinary, and generally accepted meaning of the parties' contract, a buyer, seller, broker, or escrow agent who triumphs or wins in a legal proceeding and has a judgment rendered in his favor is entitled to recover costs and attorney's fees from the non-prevailing party.

In the context of this legal proceeding, Fitzgerald, Pratt, and Panzarella were the successful parties in the litigation; they indisputably triumphed or won. The jury found no liability as to all of the claims brought against them, and the trial court accepted the jury's no-liability findings and rendered a take-nothing judgment in their favor. On the other hand, Schroeder Ventures, who obtained no jury findings in its favor and recovered nothing on any of its claims, neither achieved success in the litigation, nor triumphed in any sense. Under these circumstances, Fitzgerald, Pratt, and Panzarella were the prevailing parties, and they were authorized under the contract to recover their fees and costs from the non-prevailing party, Schroeder Ventures.

## NON-CONTRACTUAL NATURE OF THE CLAIMS

Finally, we address Schroeder Ventures' alternative argument that Fitzgerald, Pratt, and Panzarella were not entitled to attorney's fees because the attorney's fees provision in the contract only applies to contractual claims. Although Schroeder Ventures have not advanced this argument on appeal, they did urge it in the trial court. Additionally, Fitzgerald, Pratt, and Panzarella address this argument on appeal.

According to its plain language, the attorney's fees provision in the parties' contract applies to "any legal proceeding bought *under or with relation to this contract or this transaction*." (emphasis added). The claims in this case, although tort claims, involve allegations that Fitzgerald, Pratt, and Panzarella failed to disclose information in the sales transaction which was the subject of the contract. We, therefore, conclude the attorney's fees provision applies to the claims in this case. *See Fowler v. Epps*, No. 03-08-00055-CV, 2010 WL 521109, at \*3 (Tex. App.—Austin Feb. 10, 2010, pet. granted) (holding sales contract language stating "the prevailing party in any legal proceeding related to this contract" was broad enough to encompass tort claims arising from the sales transaction); *Robbins v. Capozzi*, 100 S.W.3d 18, 27 (Tex. App.—Tyler 2002, no pet.) (holding lawsuit was "brought under or with respect to the transaction" when suit was brought to rescind the contract based on an alleged misrepresentation in the transaction).

## CONCLUSION

Under the plain, ordinary, and generally accepted language of the earnest money contract, Fitzgerald, Pratt, and Panzarella were entitled to recover their attorney's fees and costs from Schroeder Ventures because they were prevailing parties in this legal proceeding. Accordingly, the trial court erred in refusing to award attorney's fees and costs to Fitzgerald, Pratt, and Panzarella. We reverse the trial court's judgment and render judgment awarding attorney's fees and costs.

Karen Angelini, Justice