NO. 07-10-00017-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 18, 2012

---

JACK JOHNSON, APPELLANT

v.

DAVID SMITH, SHARRI SMITH AND ALPINE
INDUSTRIES, INC., APPELLEES

---

FROM THE 348TH DISTRICT COURT OF TARRANT COUNTY;

NO. 348-226710-07; HONORABLE DANA M. WOMACK, JUDGE

---

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Jack Johnson appeals the trial court's award of attorney's fees and costs to appellees David Smith, Sharri Smith and Alpine Industries, Inc. Through two issues, Johnson asserts the trial court erred in its award. We affirm the trial court's award of attorney's fees.

## Background

Beginning in 1985, Alpine Industries, Inc. operated a public shooting range and retail store on property owned by Jack and Betty Johnson. At the time the company was formed, all outstanding Alpine stock was issued to Jack Johnson.

In August 1996, the Johnsons entered into an agreement with Alpine and an employee of Alpine, David Smith, under which Smith was given the option to acquire the stock of Alpine. At the same time, the Johnsons entered into a lease agreement with Alpine, under which they leased to Alpine the real property and improvements used by the shooting range.

In August 2006, Smith exercised his option to acquire the Alpine stock. The Johnsons and Alpine signed a stock redemption agreement to effectuate this acquisition. Pursuant to the agreement, Alpine gave Johnson a promissory note for $360,000, payable in monthly installments over ten years. Smith and his wife Sharri personally guaranteed the note. Alpine also signed a security agreement granting Johnson a security interest in the shares of Alpine stock redeemed by Alpine from Johnson. Among other covenants, Alpine agreed that it would not, while the note remained unpaid, increase the compensation it paid the Smiths without Johnson's consent.

After the close of the transaction, Johnson came to believe Alpine had breached the security agreement and defaulted under the note. Johnson asserted he was entitled to foreclose on his security interest in the Alpine stock. He further argued that, as the sole shareholder in Alpine prior to redemption of the stock, he was entitled to the funds

on deposit in Alpine's bank account, and that Smith had agreed those funds were to be paid to Johnson. Smith denied such an agreement existed.

Johnson filed suit against the Smiths and Alpine, alleging breach of the security agreement, the note, and the lease, and also claiming the Smiths and Alpine breached their agreement to pay Johnson the funds in Alpine's bank account. The Smiths and Alpine filed several counterclaims against Johnson, including breach of contract, business disparagement, tortious interference, slander, violations of the Texas Deceptive Trade Practices Act, fraud, and intentional infliction of emotional distress.

At the end of trial, the court submitted a charge posing forty questions to the jury. Among their answers, the jury found that Alpine had not failed to comply with the security agreement, the note or the lease, but that Johnson had failed to comply with all three. The jury also found no agreement existed requiring payment to Johnson of Alpine's deposited funds.

Although asked to determine whether Johnson had failed to comply with the security agreement, note and lease, the jury was not asked to determine damages resulting from his failure to comply. The charge contained a single question, conditioned on the jury's determination Johnson had failed to comply with the security agreement, note or lease, asking the jury to determine a reasonable fee for the services of the attorney representing the Smiths and Alpine "in this case."[1]

The jury awarded the Smiths and Alpine $117,167 attorney's fees through trial, plus additional fees on appeal. After several post-trial motions, the trial court signed a

---

[1] No issue regarding segregation of attorney's fees is raised on appeal.

judgment that granted the Smiths and Alpine recovery of the attorney's fees awarded by the jury. The court cited section 38.001(8) of the Texas Civil Practices and Remedies Code[2] and section 7(C) of the lease as support for the award.

Johnson filed a motion for new trial which was denied by the trial court. Johnson now appeals the award of attorney's fees, arguing the trial court erred in awarding attorney's fees to the Smiths and Alpine because no other damages were awarded them.

Analysis

*Standard of Review*

Whether a party is entitled to recover attorney's fees is a question of law for the trial court which we review *de novo. See Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94, 95 (Tex. 1999). Entitlement to attorney's fees may be based on statute or contract. *Dallas Cen. Appraisal Dist. v. Seven Inv. Co.,* 835 S.W.2d 75, 77 (Tex. 1992) In a suit on a contract, the prevailing party may be entitled to its attorney's fees under the express terms of the contract. *Id.* The interpretation of an unambiguous contract is a question of law. *MCI Telecomms. Corp. v. Tex. Utils. Elec. Co.,* 995 S.W.2d 647, 650-51 (Tex. 1999). In construing a written contract, we must ascertain and give effect to the intentions of the parties as expressed within the four corners of the document. *See Frost Nat'l Bank v. L&F Distributors, Ltd.,* 165 S.W.3d 310, 311-12 (Tex. 2005).

*Award Pursuant to Section 7(C) of the Lease*

---

[2] *See* Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8) (West 2008).

Section 7(C) of the lease provides:

> It is mutually understood and agreed that, in the event it shall become necessary for either party to enforce the provisions of this Lease by legal action or employ attorneys for the collection of any moneys due hereunder, then the prevailing party shall be entitled to recover its reasonable attorney's fees, court costs, and other costs of such proceedings.

Under the lease, the parties expressly agreed to recovery of attorney's fees and costs of the proceeding by the prevailing party in the event it became necessary for either party to enforce the provisions of the lease. The lease leaves "prevailing party" undefined, so we presume the parties intended the term's ordinary meaning. *See Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 662 (Tex. 2005). Applying the ordinary meaning given the term, we find the parties intended Alpine to be the "prevailing party" in this circumstance.

As noted, Johnson argues the Smiths and Alpine cannot be awarded attorney's fees as prevailing parties under the lease because they were not awarded damages or other relief on the merits of their claims. He cites *Intercontinental Group Partnership v. KB Home Lone Star, L.P.,* 295 S.W.3d 650, 652 (Tex. 2009) for the proposition that the term "prevailing party" requires an enforceable judgment in the form of damages or equitable relief. The court in *KB Home* was applying a contract provision similar to that in the lease, authorizing recovery of attorney's fees by the prevailing party in an action to "enforce" the contract. Despite that similarity, we cannot agree *KB Home* controls the issue in this case. There, KB Home was the plaintiff and sought only money damages. By virtue of the jury's take-nothing judgment, the Texas Supreme Court found, KB Home neither received anything of value nor achieved a material alteration in its legal

5

relationship with the defendant. *Id.* at 655. Having "achieved no genuine success" on its claim, KB Home could not be said to have been the prevailing party. *Id.*

Alpine, by contrast, was the defendant against Johnson's claim of breach of the lease. *See KB Home*, 295 S.W.3d at 657 (noting question whether defendant was prevailing party was not before court). The status of the Smiths and Alpine as prevailing parties in their litigation is better considered under the standard stated in such cases as *Blockbuster, Inc. v C-Span Entertainment,* 276 S.W.3d 482 (Tex.App.—Dallas 2008, pet. filed Jan. 26, 2009), holding that a "prevailing party" includes one who successfully defends against the action on the main issue. *Id.* at 491. "A prevailing party is one who is vindicated by the trial court's judgment." *Robbins v. Capozzi,* 100 S.W.3d 18, 27 (Tex.App.-Tyler 2002, no pet.) (*citing City of Amarillo v. Glick*, 991 S.W.2d 14, 17 (Tex.App.—Amarillo 1997, no pet.). *See also Old HH, Ltd. v. Henderson,* No. 03-10-00129-CV, 2011 Tex.App. LEXIS 5962, at *3-5 (Tex.App—Austin July 27, 2011, opinion withdrawn and substituted opinion at 2011 Tex. App. LEXIS 9669 (Tex.App.—Austin December 9, 2011, no pet.) (mem. op.) (defendants were entitled under the "prevailing party" clause of contract to attorney's fees for defense of claims); *Fitzgerald v. Schroeder Ventures II, LLC*, No. 04-10-00471-CV, 2011 Tex. App. LEXIS 2522 (Tex.App.—San Antonio Apr. 6, 2011, no pet.) (defendants who obtained take-nothing judgment were prevailing parties entitled to recover attorney's fees under parties' agreement).

The record here indicates the Smiths and Alpine obtained favorable findings on all major jury issues, resulting in a judgment for them against Johnson. They prevailed

6

in the trial court when the court rendered a take-nothing judgment in their favor. *Old HH, Ltd. v. Henderson,* No. 03-10-00129-CV, 2011 Tex.App. LEXIS 9669, at *8-9 (finding similarly). We find the judgment effected a material alteration in the legal relationship between the parties. *See id.* (defendants prevailed in trial court because judgment effected a material alteration in the party's legal relationship). We conclude the lease supported the trial court's determination the Smiths and Alpine were entitled to attorney's fees. We overrule Johnson's second issue[3] and affirm the trial court's award of attorney's fees to the Smiths and Alpine.

James T. Campbell
Justice

---

[3] Given our disposition of this issue, we need not reach Johnson's first contention that appellees are not entitled to attorney's fees pursuant to Section 38.001 of the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8) (West 2008); Tex. R. App. P. 47.1.