# NO. 12-13-00223-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LAVERNA SELLS,* *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *EARL DROTT,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Laverna Sells appeals the trial court's judgment denying her request for an award of attorney's fees against Earl Drott. She raises one issue relating to the availability of attorney's fees. We affirm.

## BACKGROUND

Drott and LaCheryl Stebbings signed an earnest money contract for the sale of real property. Stebbings signed the contract under a power of attorney for Sells, who owned the property. Sells refused to execute a deed to convey the property, and Drott sued her for specific performance. Sells filed an answer denying that she ever had a contract with Drott and counterclaimed for attorney's fees.

Following a bench trial, the trial court denied Drott's request for specific performance and Sells's counterclaim for attorney's fees. The trial court then made the following findings of fact and conclusions of law:

I. Findings of Fact

1. The Court finds that Plaintiff Earl Drott and the Power of Attorney, LaCheryl Stebbings, entered into a contract for the sale of real property belonging to the Power of Attorney.

2. The Court finds that the contract between Plaintiff Earl Drott and the Power of Attorney provided for the recovery of attorney fees in the event of litigation between the parties to the contract.

3. The Court finds that Defendant LaVerna Sells did not sign the contract between Plaintiff Earl Drott and the Power of Attorney.

4. The Court finds that the Power of Attorney did not sign the contract as the agent of Defendant LaVerna Sells.

5. The Court finds that Defendant LaVerna Sells was not a party to the contract between Plaintiff Earl Drott and the Power of Attorney.

6. The Court finds that there was never an existing contract between Plaintiff Earl Drott and Defendant LaVerna Sells.

II. Conclusions of Law

1. The Court concludes that Defendant LaVerna Sells was not a party to the contract, and thus cannot rely on any of the terms of the contract, including the attorney fee provisions.

Sells filed a motion for new trial and reconsideration of the court's failure to award attorney's fees, which the trial court denied. This appeal followed.

## AVAILABILITY OF ATTORNEY'S FEES

In her sole issue on appeal, Sells contends that the trial court erred in denying her request for attorney's fees because Drott "brought suit with regard to the transaction described in the contract," and she was the prevailing party at trial.

### Standard of Review and Applicable Law

When awarding attorney's fees, Texas has long followed the American Rule. *MBM Fin. Corp. v. Woodlands Oper. Co.*, 292 S.W.3d 660, 669 (Tex. 2009). Under this rule, litigants' attorney's fees are recoverable only if authorized by statute or by contract between the parties. *Intercontinental Group P'ship v. KB Home*, 295 S.W.3d 650, 653 (Tex. 2009).

An issue concerning the availability of attorney's fees under a statute or a contract presents a question of law that appellate courts review de novo. *Fitzgerald v. Schroeder Ventures II, LLC*, 345 S.W.3d 624, 627 (Tex. App.–San Antonio 2011, no pet.). Unless provided by contract or statute, a trial court has no authority to require a losing party to pay the prevailing party's fees. *See Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006). "[O]ne cannot enforce an advantage existing only by virtue of a contract, and at the same

time repudiate the contract as one not binding upon him. . . ." ***Nat'l Aid Life of Okla. City, Okla. v. Adams***, 157 S.W.2d 957, 958 (Tex. App.—Eastland 1941, writ dism'd w.o.j.).

**Discussion**

Sells contends that she is entitled to attorney's fees based on the following provision of the earnest money contract:[1]

> 17. ATTORNEY'S FEES: The prevailing party in any legal proceeding brought under or with respect to the transaction described in this contract is entitled to recover from the non-prevailing party all costs of such proceeding and reasonable attorney's fees.

Drott responds that because the trial court found there was never a contract between them, Sells cannot rely on the contract for an attorney's fee award.

Sells does not challenge the trial court's finding that there was "never an existing contract" between her and Drott. Accordingly, we are bound by that finding. *See **Sharifi v. Steen Auto., LLC***, 370 S.W.3d 126, 147 (Tex. App.—Dallas 2012, no pet.) ("Unchallenged findings of fact are binding on the appellate court. . . .").

Sells cites three cases as authority to support her contention that she is entitled to recover attorney's fees. Sells first cites ***Juarez v. Hamner***, 674 S.W.2d 856 (Tex. App.–Tyler 1984, no writ). There, this court held that a contract existed that could be rescinded. *Id*. at 862. The second case is ***Fitzgerald v. Schroeder Ventures II LLC***, 345 S. W.3d 624 (Tex. App.—San Antonio 2011, no pet.). That case involved a lawsuit based on a contract for the sale of real estate. *Id.* at 626. After the sale closed, the purchaser sued the sellers and their broker for fraud and other causes of action arising out of the sales transaction. *Id.* The sellers and their broker successfully defended the lawsuit and recovered attorney's fees because they qualified as "prevailing part[ies]" under the earnest money contract. *Id*. at 631. The third case is ***Aguiar v. Segal***, 167 S.W.3d 443 (Tex. App.–Houston [14th Dist.] 2005, pet. denied). In that case, the court determined that one of the parties had a right to recover attorney's fees after a contract had been terminated due to a breach. *Id.* at 456.

In each of these cases, there was a binding contract between the parties. *See generally **Fitzgerald***, 345 S.W.3d 624; ***Aguiar***, 167 S.W.3d 443; ***Juarez***, 674 S.W.2d 856. Here, there was no binding contract between Sells and Drott. Sells has not cited, nor have we found, any

---

[1] Sells does not contend that she is entitled to attorney's fees under any statute.

authority supporting the proposition that an individual can recover attorney's fees pursuant to a provision in a contract to which she was not bound, or deemed a beneficiary. Because one cannot enforce an advantage of a contract while at the same time claim that the contract is not binding, the trial court did not err by denying Sells's request for attorney's fees. *See Nat'l Aid*, 157 S.W.2d at 958. Accordingly, we overrule Sells's sole issue.

## DISPOSITION

Having overruled Sells' sole issue, we ***affirm*** the judgment of the trial court.

JAMES T. WORTHEN
Chief Justice

Opinion delivered January 31, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### JANUARY 31, 2014

### NO. 12-13-00223-CV

**LAVERNA SELLS,**
Appellant
V.
**EARL DROTT,**
Appellee

Appeal from the County Court at Law

of Smith County, Texas (Tr.Ct.No. 52,806-A)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **LAVERNA SELLS**, for which execution may issue, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*