

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00878-CV

**WALNUT RETAIL CENTER GENERAL PARTNER, LC**,
Appellant

v.

**LBL, LTD.**,
Appellee

From the 438th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-CI-06410
Honorable Barbara Hanson Nellermoe, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:        Sandee Bryan Marion, Justice
               Marialyn Barnard, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  October 29, 2014

AFFIRMED

Walnut Retail Center, Ltd. is a partnership that owns a shopping center in New Braunfels, Texas. Appellant, Walnut Retail Center General Partner, LC ("Walnut GP"), is the general partner; and appellee, LBL, Ltd. ("LBL"), is a limited partner. In the underlying lawsuit, LBL sued Walnut GP to remove Walnut GP as general partner and to have the trial court appoint a temporary receiver. LBL also requested attorney's fees. Walnut GP filed a counterclaim against LBL, alleging LBL breached the Partnership Agreement, requesting a declaratory judgment, and seeking attorney's fees.

Trial was to a jury, and, at the close of evidence, Walnut GP moved for a directed verdict on LBL's claims against it, which the trial court denied. LBL also moved for a directed verdict on Walnut GP's counterclaim for a declaratory judgment and for breach of contract; but the trial court deferred ruling on the motion. The jury replied "No" to the question of whether Walnut GP committed willful neglect of duty in its management of the Walnut Retail Center Limited Partnership. Because the jury answered in the negative on this question, the only remaining question was for the jury to determine a reasonable fee for the necessary services of Walnut GP's attorney. Walnut GP moved for entry of judgment on the award of attorney's fees, and LBL objected on several grounds. In its final judgment, the trial court ordered that (1) LBL take nothing on its claims against Walnut GP; (2) Walnut GP take nothing on its claims against LBL; and (3) each party bear its own costs and attorney's fees. On appeal, Walnut GP asserts the trial court erred by refusing to award it the attorney's fees found by the jury. We affirm.

## DISCUSSION

On appeal, Walnut GP asserts it is entitled to recover its attorney's fees as the "prevailing party" at trial because it obtained a complete defense to LBL's causes of action. Walnut GP also asserts the trial court erred by ruling that it did not prevail on its own claims against LBL because no jury questions on those claims were submitted and, therefore, its claims were withdrawn and waived.

### A.      Standard of Review

Walnut GP contends whether attorney's fees are available under a contract is a question of law reviewed de novo. However, there is no dispute that the Partnership Agreement in this case allows for recovery of attorney's fees to the prevailing party. A trial court has discretion to fix the amount of attorney's fees, but it does not have discretion to deny attorney's fees entirely if an award of fees is required under the terms of the parties' agreement or by statute. *See Fitzgerald v.*

*Schroeder Ventures II, LLC*, 345 S.W.3d 624, 627 (Tex. App.—San Antonio 2011, no pet.) (parties' agreement provided that "such party is entitled to recover from the non-prevailing parties all costs of such proceeding and reasonable attorney's fees"); *World Help v. Leisure Lifestyles, Inc.*, 977 S.W.2d 662, 683 (Tex. App.—Fort Worth 1998, pet. denied) ("When a prevailing party in a breach of contract suit seeks attorney's fees, an award of reasonable fees is mandatory under [Texas Civil Practice and Remedies Code] section 38.001 if there is proof of the reasonableness of the fees."); *see also Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998) (Declaratory Judgment Act does not require an award of attorney's fees to prevailing party; rather, statute "affords the trial court a measure of discretion in deciding whether to award attorney's fees or not.").

On appeal, Walnut GP asserts the trial court erred in failing to enforce the parties' agreement, which, in Walnut GP's opinion, mandated an award of fees to it as the prevailing party. Walnut GP also contends the jury's award of attorney's fees was limited only to its successful defense against LBL's willful neglect claim, and, therefore, it was entitled to fees under the Partnership Agreement.

The Partnership Agreement provides as follows:

> 17.10   Should the Partnership or any Partner(s) institute legal proceedings against any other Partner or the Partnership to interpret or enforce any provision, right or remedy under the Agreement, *the Court shall, in its discretion, include all or part of the prevailing party's or parties' attorney's fees as a recoverable cost against the losing party or parties*. To so recover, it is not necessary that the prevailing party prevail in each and every of its claims. Rather the amount of the award or attorney's fees shall, *in the Court's discretion, reflect the degree to which the prevailing party or parties have prevailed in some of their claims*. [Emphasis added.]

We interpret the agreement's use of the phrase "the Court shall" as unambiguously requiring the trial court to award attorney's fees to the prevailing party. *See Bocquet*, 972 S.W.2d at 20 (Declaratory Judgments Act provides trial court "may" award attorney fees; thus affording trial court "measure of discretion" in deciding whether to award attorney's fees; while "[s]tatutes

providing that a party 'may recover,' 'shall be awarded,' or 'is entitled to' attorney fees are not discretionary"). However, the agreement unambiguously places the amount of those fees in the trial court's discretion. When, as here, the parties' agreement requires an award of attorney's fees, the parties may agree on a fee-recovery standard "either looser or stricter" than the discretionary provision in Texas Civil Practice and Remedies Code Chapter 38.[1] *Intercontinental Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 653 (Tex. 2009); *Miramar Dev. Corp. v. Sisk*, No. 04-13-00777-CV, 2014 WL 1614290, at *3 (Tex. App.—San Antonio Apr. 23, 2014, pet. denied) (mem. op.). In this case, the parties have done so, and the triggering event under the agreement is that a party "prevail" in "legal proceedings against any other Partner or the Partnership to interpret or enforce any provision, right or remedy under the Agreement." *See Intercontinental*, 295 S.W.3d at 653 ("triggering event under the contract is that a party prevail in an action 'to enforce the terms of this Contract or to declare rights hereunder'"). The agreement also states that "the amount of the award or attorney's fees shall, in the Court's discretion, reflect the degree to which the prevailing party or parties have prevailed in some of their claims." Because the parties' agreement grants the trial court the discretion "to determine the degree to which the prevailing party or parties have prevailed in some of their claims," we review the trial court's determination that neither party here prevailed for an abuse of discretion.

## B. Analysis

The trial court specifically found "[b]ased on the evidence presented and the jury's answers to the special questions presented, [] neither party is entitled to prevail on the claims it asserted against the other." Upon finding neither party to be the "prevailing party," the trial court ordered that "[a]ll costs and attorney's fees shall be borne by the party incurring the same." Walnut GP

---

[1] "A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for . . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 (West 2008).

asserts it should have been awarded attorney's fees, and the trial court erred by not finding it to be the prevailing party at trial, or conversely, erred by finding that it did not prevail. Walnut GP cites to a number of opinions as support for its argument that it was the sole prevailing party at trial because the only claim submitted to the jury was LBL's willful neglect claim against Walnut GP on which the jury found in favor of Walnut GP.[2]

When the contract provides that attorney's fees will be awarded to the prevailing party, the trial court must determine which party is "prevailing." The parties' agreement does not define "prevailing party"; therefore, "we presume the parties intended the term's ordinary meaning." *See Intercontinental*, 295 S.W.3d at 653. To prevail, a party "must obtain actual and meaningful relief, something that materially alters the parties' legal relationship." *Id.* at 652. More simply, a party prevails when it "prevails upon the court to award it something, either monetary or equitable." *Id.* at 655.

LBL went to trial on its claim that Walnut GP breached the Partnership Agreement, and breached its fiduciary duty. LBL also went to trial on its request for a declaratory judgment that, under the terms of the Partnership Agreement, it was entitled to remove Walnut GP as general partner. Walnut GP went to trial on its counterclaim that LBL breached the Partnership Agreement. Walnut GP also asked that the trial court enter a declaratory judgment that LBL and all its agents, partners, employees, and representatives are barred from communicating with counter-parties in business transactions with the partnership regarding such transactions and

---

[2] Walnut GP relies on several cases for its argument that a prevailing defendant is entitled to attorney's fees. *Bhatia v. Woodlands N. Houston Heart Ctr.*, 396 S.W.3d 658, 671-72 (Tex. App.—Houston [14th Dist.] 2013, pet. denied); *Goldman v. Olmstead*, 414 S.W.3d 346, 367 (Tex. App.—Dallas 2013, pet. denied); *Robbins v. Capozzi*, 100 S.W.3d 18, 26-27 (Tex. App.—Tyler 2002, no pet.). However, in these cases the appellate court reviewed whether the trial court erred in awarding fees. Here, we are faced with a different trial outcome, and therefore, a different procedural posture: we must determine whether the trial court erred by not awarding fees.

negotiations. Finally, Walnut GP alleged the claims made by LBL were groundless and brought in bad faith, violating Texas Civil Practice and Remedies Code chapters 9 and 10.

At the close of evidence, but before closing arguments, both sides moved for a directed verdict. First, Walnut GP asked for a directed verdict on liability, arguing there was no evidence that it had breached any duty and there was no evidence of willful neglect. Walnut GP also asked for a directed verdict against LBL's claims. The trial court denied Walnut GP's motion. Next, LBL asked the trial court to deny Walnut GP's request for a declaratory judgment on the grounds there was no justiciable controversy as its own agent admitted he had violated the Partnership Agreement by interfering in partnership business, and there was no dispute about what the agreement provides. LBL also requested a directed verdict on Walnut GP's breach of contract claim, arguing that Walnut GP's claim for breach of the Partnership Agreement belonged to the partnership, and not the general partner. Finally, LBL argued there was no evidence of damages.

Walnut GP's attorney responded to LBL's arguments by stating it would not seek a jury finding on breach of contract because "the breach of contract on behalf of LBL has been admitted and so has the breach of the duty of loyalty." But, Walnut GP asked that whether those admissions had any impact on entry of a final judgment be reserved. Walnut GP also stated it would not submit a damages question for breach of contract and that issue could be taken up later. Accordingly, Walnut GP asked that LBL's motion for a directed verdict be denied. Instead, the trial court deferred ruling on LBL's motion.

At the charge conference, Walnut GP objected to the jury question on whether it "commit[ted] willful neglect of duty in its management of the Walnut Retail Center Limited Partnership" on the grounds that there was no evidence to support submitting such a question to the jury. The trial court overruled the objection. Walnut GP also objected to the damages question

on the grounds that LBL had put on no evidence of any damages suffered with reasonable certainty. Again, the trial court overruled the objection. LBL raised no objections to the charge.

The jury answered "no"—in favor of Walnut GP—to the only question on liability, which asked "Did Walnut Retail Center General Partner, LC commit willful neglect of duty in its management of the Walnut Retail Center Limited Partnership?" However, "[i]t is the judgment, not the verdict, that we must consider in determining whether attorney's fees are proper." *Intercontinental*, 295 S.W.3d at 656 (quoting *Sw. Bell Mobile Sys. v. Franco*, 971 S.W.2d 52, 56 (Tex. 1998) (per curiam)). In its Final Judgment, the trial court rendered a take-nothing judgment against both parties, ordering that "LBL, Ltd. shall take nothing on its claims and causes of action against Walnut GP, and that Walnut GP shall take nothing on its claims and causes of action against LBL, Ltd."

The parties' agreement provides that "it is not necessary that the prevailing party prevail in each and every of its claims. Rather the amount of the award or attorney's fees shall, in the Court's discretion, reflect the degree to which the prevailing party or parties have prevailed in some of their claims." LBL did not prevail on its willful neglect claim against Walnut GP. Although Walnut GP later withdrew its claims against LBL, it did not obtain its requested declaratory judgment, nor did it obtain findings under Civil Practice and Remedies Code chapters 9 or 10. The trial court rendered a take-nothing judgment against all parties. On this record, we cannot conclude the trial court abused its discretion in determining neither party prevailed. *See Intercontinental*, 295 S.W.3d at 655 (KB Home was not prevailing party because it "got nothing except a jury finding that Intercontinental violated the contract. It recovered no damages; it secured no declaratory or injunctive relief; it obtained no consent decree or settlement in its favor; it received nothing of value of any kind, certainly none of the relief sought in its petition."); *Bhatia*, 396 S.W.3d at 671-72 (affirming award of fees to defendant as prevailing party because defendant

obtained a take-nothing judgment in its favor); *Fitzgerald*, 345 S.W.3d at 630 (concluding that because defendants obtained a judgment in their favor, they were entitled to recover costs and attorney's fees from the non-prevailing party). Therefore, we conclude the trial court did not abuse its discretion by refusing to award attorney's fees to either party.

Walnut GP also contends the jury "exercised its discretion in awarding such fees to Walnut GP," but the trial court failed and refused to include the award in its final judgment. However, a jury's finding on the *amount* of reasonable attorney's fees is immaterial to the question of *whether* such fees may be recovered. *See Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex. 1999) (holding that, because availability of attorney's fees under a particular statute is a question of law for the court, jury's finding about amount of reasonable attorney's fees is immaterial to ultimate legal issue of whether such fees are recoverable under applicable statute as a matter of law); *Allison v. Fire Ins. Exch.*, 98 S.W.3d 227, 262 (Tex. App.—Austin 2002, review granted, judgment vacated, and remanded by agreement) ("While we review the amount that the jury awarded under a legal sufficiency standard, we review the trial court's decision to grant or deny fees at all under an abuse of discretion standard."); *Hunt v. Baldwin*, 68 S.W.3d 117, 135 n.8 (Tex. App.—Houston [14th Dist.] 2001, no pet.) ("while the decision to award attorney's fees is reviewed under the abuse of discretion standard, the fee, if awarded, is reviewed under the legal and factual sufficiency standard"). Therefore, although the jury determined the amount of fees, we cannot conclude the trial court abused its discretion in determining neither party prevailed; therefore, the trial court did not err in refusing to award attorney's fees to either party.

## CONCLUSION

We overrule Walnut GP's issues on appeal, and affirm the trial court's judgment.

Sandee Bryan Marion, Justice