

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00254-CV

Charles J. **MELNIK**,
Appellant

v.

Dewayne **BALDWIN**, Tonia Baldwin,
Appellees

From the County Court at Law No. 1, Guadalupe County, Texas
Trial Court No. 2018-CV-0012
Honorable Robin V. Dwyer, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: June 5, 2019

AFFIRMED

Charles Melnik appeals certain findings and conclusions in a bench trial adjudicating a landlord-tenant dispute. Melnik, the landlord, argues the trial court erred in: (1) holding the reletting fee could not be deducted from the security deposit; (2) failing to award Melnik attorney's fees and costs under a provision of the lease and section 38.001 of the Texas Civil Practice and

Remedies Code; and (3) failing to award him attorney's fees because the lawsuit was based on frivolous claims.[1]

## BACKGROUND

On June 29, 2015, Melnik entered into a residential lease with Tonia and Dewayne Baldwin (the "Baldwins") requiring the Baldwins to pay Melnik $2,500 a month to lease one of Melnik's rental homes. The lease term was for two years and required the Baldwins to pay a $2,500 security deposit. The Baldwins leased the home without issue until late October 2016. At that time, the Baldwins notified Melnik they had purchased a new home and would vacate the rental home in late December 2016. The Baldwins told Melnik they would continue to pay rent until he was able to lease the property to new tenants. Melnik immediately listed the property for lease with his real estate agent who secured new tenants on April 17, 2017. The real estate agent charged a reletting fee of $1,750.

The Baldwins and Melnik disputed how much of the security deposit and pro-rated rent reimbursement for the month of April should be returned to the Baldwins. The Baldwins paid the full amount of $2,500 for April's rent. Therefore, Melnik held a $2,500 security deposit and $1,166.67 in pro-rated rent reimbursement[2] that was due to the Baldwins after proper statutory and lease deductions. A summary of Melnik's accounting regarding the deductions from the security deposit and pro-rated rent reimbursement are as follows:

| | |
|---|---|
| Security Deposit | $2,500.00 |
| Pro-rated Rent Reimbursement (April 17-30) | $1,166.67 |

---

[1] We do not address issues raised in the Appellees' brief which seek to alter the trial court's judgment because the appellees did not file a notice of appeal. *See* TEX. R. APP. P. 25.1(c).
[2] This represents the reimbursement of rent the Baldwins were entitled to receive since the new tenants took over rent payments from April 17, 2017 to the end of the month.

| | |
|---|---|
| Reletting Fee | -$1,750.00 |
| Yard Work/Clean-up | -$850.00 |
| Utilities | -$199.23 |
| Utilities Transfer Fee | -$93.00 |
| Misc. Home Repairs | -$258.14 |
| House Cleaning | -$225.00 |
| Carpet Cleaning | -$193.77 |
| **Total Reimbursement** | **$97.53** |

On May 1, 2017, Melnik sent the Baldwins a letter containing this accounting with a check for $97.53. The Baldwins subsequently filed suit alleging the security deposit was wrongfully withheld.[3]

The trial court found Melnik had wrongfully deducted the reletting fee, half of the yard work and cleanup, and the utilities transfer fee. The trial court reasoned the reletting fee was not a recoverable expense under the lease or the Texas Property Code, but was simply a "cost of doing business." The trial court reasoned that half of the yard work expenses were due to normal "wear and tear"—which was not recoverable under the lease. Finally, the trial court determined the lease did not allow Melnik to recover the cost of transferring the utilities into his name.[4] The trial court found the deductions for the other half of the yard work, miscellaneous repairs, house cleaning,

---

[3] The Baldwins asserted other causes of action at trial that are not relevant to this appeal.
[4] The trial court did not deduct the utility bills from the security deposit when it ordered that the Baldwins were entitled to recover $1,399.44 of their security deposit. Melnik does not raise whether the utilities bill was a proper deduction as an issue on appeal.

and carpet cleaning were all proper deductions, and the trial court ordered the Baldwins recover $1,399.44 of their security deposit from Melnik.[5]

With regard to attorney's fees and costs, Melnik argues on appeal that he is entitled to recover his attorney's fees and costs under the following provision of the lease.

### 18. Attorney's Fees

Should it become necessary for Landlord to employ an attorney to enforce any of the conditions or covenants hereof, including the collection of monthly rents or gaining possession of the premises, Tenant agrees to pay all expenses so incurred, including all attorney's fees and Landlord travel costs.

The trial court held "the cost and expense provisions of the lease to be not in compliance with statute . . . and therefore award neither party any attorneys fees and order the costs of court to be paid by the Defendant." Melnik appeals.

### STANDARD OF REVIEW

When the trial court acts as a fact-finder, we review its findings under the traditional legal and factual sufficiency standards. *In re Doe*, 19 S.W.3d 249, 253 (Tex. 2000). "To analyze the legal sufficiency of the evidence supporting a finding, we review the record in the light most favorable to the trial court's findings and indulge every reasonable inference that would support it." *Van Dam v. Lewis*, 307 S.W.3d 336, 339 (Tex. App.—San Antonio 2009, no pet.) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005)). In considering the factual sufficiency of the evidence supporting a finding, we review all the evidence and reverse only if the challenged finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Villarreal v. Guerra*, 446 S.W.3d 404, 411 (Tex. App—San Antonio 2014, pet. denied) (citing *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986)). Conclusions of law, however, are reviewed de novo. *Van Dam*, 307 S.W.3d at 339.

---

[5] Melnik does not raise any calculation discrepancy as an issue on appeal.

**DISCUSSION**

Melnik appeals the trial court's conclusion that he was not entitled to deduct the reletting fee from the security deposit and the trial court's refusal to award him attorney's fees and expenses.

**RELETTING FEE**

Generally, a landlord is required to refund a tenant's security deposit within thirty days of the tenant surrendering the premises so long as the tenant has provided the landlord with the tenant's forwarding address. TEX. PROP. CODE ANN. §§ 92.103(a), 92.107. However, "the landlord may deduct from the deposit damages and charges for which the tenant is legally liable under the lease or as a result of breaching the lease." *Id.* § 92.104(a). Although section 92.1031(b) of the Texas Property Code authorizes the landlord to deduct actual expenses incurred by the landlord in securing a replacement tenant, the statute confines its applicability to situations where the "tenant fails to occupy the dwelling on or before the commencement date of the lease." *See Hardy v. 11702 Mem'l, Ltd.*, 176 S.W.3d 266, 274 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (citing TEX. PROP. CODE ANN. § 92.1031(a), (b)(2)). In order for the landlord to deduct reletting fees from a security deposit *after* the commencement date of the lease, the tenant must be legally liable for the reletting fee as a result of breaching the lease. TEX. PROP. CODE ANN. § 92.104(a); *see also Cotter v. Todd*, No. 04-01-00084-CV, 2002 WL 31253397, at *5 (Tex. App.—San Antonio Oct. 9, 2002, no pet.) (mem. op., not designated for publication) (holding landlord was entitled to recover reletting cost when the charge was expressly authorized by the terms of the lease).

Melnik claims section 92.1031(b) of the Texas Property Code and the Houston court's holding in *Hardy* authorize him to withhold the reletting fee from the security deposit. We disagree.

Section 92.1031 is inapplicable in this case because the Baldwins occupied the dwelling for over a year before the need for a new tenant arose. Section 92.1031, by its plain language, contemplates a situation where the tenants have paid the landlord a security deposit but failed to "occup[y] the dwelling on or before the commencement date of the lease." TEX. PROP. CODE ANN. § 92.1031. Because that is not the circumstance here, section 92.1031 does not apply.

The holding in *Hardy* is also inapplicable. The *Hardy* lease contained a clause that expressly authorized the landlord to charge the tenant a reletting fee if the tenant was in default. *See Hardy*, 176 S.W.3d at 274. The lease between Melnik and the Baldwins did not contain such a clause. "Under the plain language of section 92.104 of the Property Code, a landlord is entitled to deduct from a tenant's security deposit only those 'damages and charges for which the tenant is *legally liable*.'" *Id.* at 273 (citing TEX. PROP. CODE ANN. § 92.104(a)) (emphasis in original). Melnik has not cited any other statute or case creating legal liability for the reletting fee when there is no reletting provision in the lease.

We hold the trial court did not err when it concluded the reletting cost could not be withheld from the security deposit. We overrule Melnik's first issue.

### ATTORNEY'S FEES, COSTS, AND EXPENSES

In his second and third issues, Melnik argues he is entitled to reimbursement from the Baldwins for his attorney's fees, court costs, and the costs he incurred travelling from Nebraska to attend the trial. A party may not recover attorney's fees unless authorized by statute or contract. *In re Nat'l Lloyds Ins. Co.*, 532 S.W.3d 794, 809 (Tex. 2017). Melnik argues he can recover attorney's fees, costs, and expenses under section 38.001 of the Texas Civil Practice and Remedies Code and section 18 of the lease.

Whether a party is entitled to recover attorney's fees under a statute is a question of law for the court. *Holland v. Wal Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex. 1999). Section 38.001 of

the Texas Civil Practice and Remedies Code provides that "[a] person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written contract." TEX. CIV. PRAC. & REM. CODE ANN. § 38.001. A trial court has discretion to set the amount of attorney's fees, but it does not have the discretion to completely deny attorney's fees if they are proper under section 38.001. *World Help v. Leisure Lifestyles, Inc.*, 977 S.W.2d 662, 683 (Tex. App.—Fort Worth 1998, pet. denied). "To recover attorney's fees under [s]ection 38.001, a party must (1) prevail on a cause of action for which attorney's fees are recoverable, and (2) recover damages." *Davenport v. Hall*, No. 04-14-00581-CV, 2019 WL 1547617, at *7 (Tex. App.—San Antonio Apr. 10, 2019, no pet. h.) (quoting *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997)). While Melnik may have prevailed in defending some of the causes of action the Baldwins asserted, he did not recover damages and, thus, cannot recover attorney's fees under section 38.001. *See Davenport*, 2019 WL 1547617, at *7.

To determine whether the lease provides a basis for an award of attorney's fees, we look first to the language of the lease. *Fitzgerald v. Schroeder Ventures II, LLC*, 345 S.W.3d 624, 629 (Tex. App.—San Antonio 2011, no pet.). "A court's primary concern when interpreting a contract is to ascertain and give effect to the intent of the parties as expressed in the contract." *Id.* (citing *Seagull Energy E & P, Inc. v. Eland Energy, Inc.*, 207 S.W.3d 342, 345 (Tex. 2006)). "Contract terms are given their plain, ordinary, and generally accepted meanings . . . ." *Fitzgerald*, 345 S.W.3d at 629–30 (citing *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 662 (Tex. 2005)). Section 18 of the lease provides that Melnik would be entitled to recover attorney's fees and costs should he be required to employ an attorney to *enforce* any of the conditions or covenants of the lease. However, Melnik hired an attorney and traveled to Guadalupe County to

*defend* the lease. Melnik fails to show he is entitled to recover fees and costs in defending the lease. *See Fitzgerald*, 345 S.W.3d at 629–30. We overrule Melnik's second issue.[6]

Lastly, Melnik argues he is entitled to attorney's fees under section 10.002 of the Texas Civil Practice and Remedies Code.[7] Under section 10.002, "[t]he court *may* award [reasonable expenses and attorney's fees] to a party *prevailing* on a motion" for sanctions incurred in presenting or opposing the motion. TEX. CIV. PRAC. & REM. CODE ANN. § 10.002(c) (emphasis added). Here, Melnik did not file a motion for sanctions in the trial court. Melnik also appears to argue that the trial court should have imposed sanctions *sua sponte*. The statute does not require the trial court to *sua sponte* initiate sanction hearings. *See id.* § 10.002(b) ("The court on its own initiative *may* enter an order describing the specific conduct that appears to violate Section 10.001 and direct the alleged violator to show cause why the conduct has not violated that section." (emphasis added)). The statute leaves the decision to pursue sanctions *sua sponte* within the discretion of the trial court. *Id.* We overrule Melnik's third issue.

## CONCLUSION

The judgment of the trial court is affirmed.

Rebeca C. Martinez, Justice

---

[6] Although Melnik argued at trial that he was entitled to recover attorney's fees under section 19 of the lease agreement, he does not make that argument in his brief and has, therefore, waived the argument on appeal. *See Rehabworks, LLC v. Flanagan*, No. 03-07-00552-CV, 2009 WL 483207, at *4 (Tex. App.—Austin Feb. 26, 2009, pet. denied) (mem. op.).

[7] Melnik also mentions grounds for sanctions under rule 52.11 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 52.11 (allowing an appellate court discretion to impose sanctions—after notice and a hearing—on a party who is not acting in good faith). Although he mentions rule 52.11, Melnik is arguing for attorney's fees for the Baldwins' conduct in the trial court. Therefore, rule 52.11 is inapplicable.